Greet *v.* Arned Corporation, Appellant.

Argued April 26, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James M. Marsh,* with him *LaBrum and Doak,* for defendant, appellant.

*Robert C. Kitchen,* with him *Joseph X. Heincer,* for defendant, appellant.

*Joseph D. Shein,* with him *Shein and Berlant,* for plaintiffs, appellees.

OPINION BY MR. JUSTICE O'BRIEN, October 10, 1963:

Appellant Arned Corporation (Arned) is the owner of certain land, upon which it was engaged in the construction of dwelling houses. In connection with this construction, Arned engaged appellant Frank Iacobucci (Iacobucci) to perform the carpentry work. Appellee Thomas Lavergheeta (Lavergheeta) was employed as a carpenter's helper by Iacobucci, and appellees Franklin Greet (Greet) and Morris Yanoff (Yanoff) were employees of one James Bruno, who had been engaged by Arned to do the roofing work.

The appellees were injured when a scaffold, on which they were working, collapsed. Their actions of trespass resulted in jury verdicts against both appellants, in the amounts of $3,500 for Greet, $5,000 for Lavergheeta and $20,000 for Yanoff. Arned and Iacobucci filed motions for judgment n.o.v. and for new trial, all of which were dismissed by the court en banc.

Upon the entry of judgments on the jury verdicts, these appeals were commenced.

Iacobucci seeks a new trial on the ground that the trial court erred in ruling, as a matter of law, that Greet and Yanoff could not be found guilty of contributory negligence. Arned raises this question also, and in addition, complains that the trial court erred in refusing its request for a special finding; in ruling that Iacobucci was its servant or agent; and in failing to rule that the rights of the appellees are limited to those contained in the Workmen's Compensation Act.* The motions for judgment n.o.v. have been abandoned.

The facts in the case are not complicated. On the morning of September 17, 1959, plaintiffs were engaged in work at the second floor level of the house under construction. All three plaintiffs were standing on a platform which was mounted on a wooden scaffold constructed by Iacobucci's foreman. It was Iacobucci's duty to erect the scaffolding, in accordance with the agreement with the owner, Arned. The scaffolding was intended to be used by workmen of other subcontractors.

The plaintiffs alleged that Iacobucci was performing the work for Arned and that he was under the direct supervision and control of Arned and that Iacobucci was negligent in erecting the scaffold in an unworkmanlike manner; in permitting the defective scaffold to be used; and in failing to warn the plaintiffs of its dangerous condition. Arned's negligence was alleged to consist of its failure properly to control, inspect and supervise the work of Iacobucci; permitting *the scaffold* to be erected in an unworkmanlike manner; failure to warn the plaintiffs; and its failure to take proper precautions to protect the plaintiffs in their work.

---

* This contention was not raised in the court below and is urged upon us in this appeal for the first time in the litigation.

The trial judge submitted to the jury the questions of whether the defendants were negligent and whether plaintiff, Lavergheeta, was guilty of contributory negligence. The trial judge ruled, as a matter of law, that there was not sufficient evidence upon which the jury could find Greet or Yanoff guilty of contributory negligence, instructing the jury as follows: "I will pass on to the issue of whether the other two plaintiffs, Greet and Yanoff, were guilty of contributory negligence. The defendants contend that they were, in that they also had seen the scaffold before they entered upon it, and they had agreed that it had been erected in the manner described by Lavergheeta, except, it is my recollection of the evidence, that neither of them knew that the scaffold had been reinforced by crossbars. However, members of the jury, these two plaintiffs were not carpenters, they were roofers, and there is no evidence in the case that they had any knowledge as to the proper construction of the scaffold, and there is no evidence that they had any knowledge, either, from their own experience or the defendants' or their agents' that the scaffold was unsafe and presented an obvious danger. Under the law the defendants had the burden of proving any contributory negligence on the part of Greet and Yanoff, and the defendants did not present sufficient evidence upon which you could find either of these two plaintiffs guilty of contributory negligence."

In *Miller v. Montgomery*, 397 Pa. 94, 97, 152 A. 2d 757 (1959), we said: "Since the burden of establishing contributory negligence is on the defendant it follows that where there is no evidence in the record to justify a jury in inferring that plaintiff was guilty of contributory negligence, it is the duty of the court to give binding instructions that as a matter of law, no such question exists in the case. Hepler v. Hammond, 363 Pa. 355, 69 A. 2d 95; McCracken v. Curwensville, 309

Pa. 98, 163 Atl. 217; 38 Am. Jur., 1080, Negligence, §367; Summary of Pennsylvania Jurisprudence, Torts I, §134. In Hepler v. Hammond, supra, at page 357, this Court said: 'It is elementary that a trial judge should not instruct a jury to find a material fact in the absence of evidence to support this finding.' In the present case the court either should not have instructed the jury on contributory negligence; or, if it was thought necessary to instruct them on that subject, the Trial Judge should have told them specifically that such an issue was not in this case."

Our scrutiny of the record in this case does not reveal any evidence of contributory negligence on the part of Greet or Yanoff, nor does the record reveal that the appellants produced any evidence of their contributory negligence or any evidence tending to show or imply any contributory negligence on their part. The trial court was correct in ruling as it did and its charge to the jury on the subject was proper.

Arned complains of the trial judge's actions in refusing to submit to the jury a request for a special finding as to which of two scaffold models, introduced by plaintiffs and defendants respectively, resembled the actual scaffold. The trial judge refused this request. The three plaintiffs were standing on the left side of the platform when the leg supporting the left end of the scaffold broke, throwing them to the ground. The parties' various witnesses described the scaffold, the method of construction and the manner in which it was erected. The plaintiffs produced a model which they said represented the construction of the scaffold, while the defendants produced another model constructed differently than the plaintiffs' model, which the defendants said represented the actual scaffold. The trial judge declined to have the jury put to the decision of selecting either one of the models but rather, submitted to the jury for its consideration all of

the evidence of the construction of the actual scaffold, and submitted to the jury for its consideration the disputed facts regarding the manner, the type and form of the actual scaffold which broke under the weight of the three workmen.

A request for special findings lies within the discretion of the trial judge. It is the duty of the trial judge to grant or refuse special findings on the basis of whether they will add to a logical and reasonable understanding of the issues. In *Fullerton v. Motor Express, Inc.*, 375 Pa. 173, 177, 100 A. 2d 73 (1953), we said: "Special findings can serve a useful purpose when the circumstances of the case require such findings,". It is our opinion, from an examination of the record, that there was no abuse of discretion by the trial judge in denying the request for special findings. To permit the jury to return special findings, where they are unnecessary, can create misleading issues and defeat justice.

Arned also complains of the removal of the question of the contributory negligence of Greet and Yanoff from the jury's consideration. What was said in regard to Iacobucci's complaint in this respect also applied to Arned. No evidence was presented by the defendant, Arned, showing any contributory negligence on the part of Greet or Yanoff and, consequently, the judge instructed the jury that there was no evidence of contributory negligence on the part of these plaintiffs.

Arned complained of the trial judge's ruling that Iacobucci was the servant or agent of Arned. Arned Corporation did not file an answer to the complaint, which alleged: "3. Defendant Frank Iascobucci [Iacobucci] is an individual and at all times mentioned hereinafter was engaged in the business of a building subcontractor and was doing certain work at the premises aforesaid for defendant Arned Corporation and was

under the direct supervision and control of the last mentioned defendant."

The trial judge submitted the matter to the jury in the following words: "Now, the defendant, Arned Corporation, the owner and general contractor of the construction work, has admitted by the pleadings in this case that the work which was being performed, including the construction of the scaffolding in question, was being performed under its supervision and control. Under these circumstances, Arned Corporation is legally responsible for the conduct of the subcontractor, Iacobucci, in constructing the scaffolding. If, therefore, you find that Iacobucci has failed to meet the standard of care required of him as I have outlined to you in constructing and maintaining the scaffolding, then you must not only find against Iacobucci, but also against Arned Corporation. In other words, you can't find against one without finding against both. If you find that Iacobucci was negligent, you must also find that Arned Corporation was negligent." This instruction was entirely correct. Pa. R. C. P. 1045(a).

Finally, Arned argues that if it is in fact the master and the subcontractors are its servants, the actions of the employees of the subcontractors are barred by the Workmen's Compensation Act. We will not consider this question since it was not raised in the court below. Appellate courts will not consider on appeal a question which was not raised in the court below. *Kilian v. Allegheny Co. Dis.,* 409 Pa. 344, 185 A. 2d 517 (1962); *Clark v. Rutecki,* 408 Pa. 25, 182 A. 2d 687 (1962).

Judgments affirmed.

Mr. Chief Justice BELL dissents.