393 A.2d 1188

**Lawrence J. WILLINGER, Jr., Administrator of the Estate of Leonard Willinger, Deceased, Appellant at No. 246,**

**v.**

**MERCY CATHOLIC MEDICAL CENTER OF SOUTHEASTERN PENNSYLVANIA, FITZGERALD MERCY DIVISION, Appellant at No. 247,**

and

**Dr. Martin T. Brennan and Dr. Josephine L. Go.**

Supreme Court of Pennsylvania.

Argued April 20, 1978.

Decided Oct. 6, 1978.

Beasley, Hewson, Casey, Colleran & Stopford, Jeffrey M. Stopford, Philadelphia, for Lawrence J. Willinger.

F. Kirk Adams, Stewart C. Crawford, Springfield, for Mercy Catholic Medical Center.

John S. J. Brooks, Media, for appellee, Brennan.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

A jury awarded appellant Lawrence J. Willinger, Jr., $455,199.75 in a wrongful death and survival action against appellee Mercy Catholic Medical Center. Appellant had

brought the action to recover for the death of his son, Leonard. The Superior Court, in a unanimous opinion, affirmed the lower court's order as to appellee's liability, but remanded for a new trial on the issue of damages. The Superior Court held the trial court's charge erroneous.[1] Lawrence Willinger and Mercy Catholic Medical Center each appealed from the Superior Court decision.[2]

The facts giving rise to this controversy are not disputed. On June 2, 1969, appellant's five year old son, Leonard, entered Mercy Catholic Medical Center for a tonsillectomy. The medical records indicate that on the day of the operation he was in excellent health. In preparation for the surgery, Leonard was placed under anesthesia. A nurse anesthetist negligently administered the anesthesia. As a result, Leonard's heart stopped beating for a period of between four and twenty minutes. When the doctor who was to perform the operation arrived in the operating room,

1. *Willinger v. Mercy Catholic Medical Ctr.*, 241 Pa.Super. 456, 362 A.2d 280 (1976).

2. We take jurisdiction pursuant to the Appellate Court Jurisdiction Act of 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a). This case was reassigned to the writer on September 29, 1978, for the purpose of preparing an opinion expressing the views of a majority of this Court.

   Mercy Catholic Medical Center appeals from the trial court's denial of the hospital's request to amend its complaint against additional defendant Go. The hospital made its request after plaintiff's case had been presented at trial and more than three years after the statute of limitations had run. The hospital's original complaint against Dr. Go alleged individual negligence in the administration of anesthesia to Leonard Willinger. The attempted amendment would have alleged that Dr. Go was vicariously liable for the negligence of a nurse anesthetist. Such an amendment would have raised a new cause of action against Dr. Go. See *Saracina v. Cotoia*, 417 Pa. 80, 208 A.2d 764 (1965) (new cause of action raised when judgment on one would not bar any further action on the other, a different measure of damages is applicable, different defendants are available, and different proof is required). Since the statute of limitations expired more than three years earlier, the trial court properly denied the amendment. See *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 325, 319 A.2d 914, 918 (1974) (leave to amend liberally "subject to the qualification that any amendment may not introduce a new cause of action after the statute of limitations has run its course").

he quickly revived Leonard's heartbeat. The prolonged cardiac arrest, however, caused Leonard to suffer serious brain damage, which, on July 23, 1969, caused his death.

Appellant Willinger urges this Court to reinstate the trial court's award of damages. The trial court's charge to the jury with regard to damages under the Survival Act,[3] was:

"Here are three items to consider [under the survival action]. First, pain and suffering . . .

The second item is compensation for loss of future earnings for the working life expectancy of the deceased, less the probable cost of his maintenance reduced to present worth.

The third item, any loss that may have been sustained as a result of the loss of amenities or pleasures of life.

\* \* \* \* \* \*

Leonard had a legal interest in a continuation of his life . . . the plaintiff, that is, Mr. Willinger, as the administrator of the estate, for the loss of those years of life which you determine the decedent might otherwise have spent on this earth. We are not talking about loss of life as such because loss of life is not compensable. What we are talking about is the loss of life's pleasures.

I am not going to go into any great explanation on it. An individual has a right to enjoy life, to marry, if you will, to work, to enjoy hunting, enjoy fishing, enjoy watching ball games, even box lacrosse, if you want, all these sorts of things. And if that was cut off because of the negligent act of either or both of these defendants, which was the proximate cause thereof, you can make an award to Leonard Willinger's estate for that loss."

Appellant would have us hold that it is not error for a trial court to instruct the jury that, under the Survival Act, it may separately consider an award compensating for the decedent's "loss of life's pleasures".[4]

3. Act of June 30, 1972, P.L. 508, § 2, 20 Pa.C.S.A. § 3373 (1975).

4. Appellant further contends that appellee waived its right to a new trial on damages by objecting to appellant's motion that special

The rule is well established in Pennsylvania, however, that compensation for the loss of life's amenities is recoverable only if the victim survives the accident giving rise to the cause of action. Any other rule would be contrary to the compensatory objective of awarding damages to tort victims. We, therefore, affirm the Superior Court's determination that the trial court committed reversible error when it instructed the jury that it could separately consider and award damages for loss of life's pleasures.

In *Incollingo v. Ewing*, 444 Pa. 299, 282 A.2d 206 (1971), we held that a decedent's estate could recover damages for pain and suffering and loss of gross earning power from the date of injury until death. Damages from the time of death through decedent's estimated working lifespan were limited to loss of earning power less personal maintenance expenses. In reaching this holding we stated:

> "Quite properly, the injured plaintiff should receive as damages his total estimated future earnings undiminished. But if such a plaintiff dies, his action, whether commenced or continued by his personal representative, is for the benefit of the estate. We cannot be blind to the reality that neither the deceased person nor his estate is burdened with the personal maintenance costs of the decedent . .
> If we were seeking to compensate for the loss of life itself, it may be true that the best approximation of the value of that life could be cast in terms an individual's personal

interrogatories be submitted to the jury. Appellant argues that had the jury been required to specifically state the amount they awarded for loss of life's pleasures, a new trial would not be necessary. This contention must be rejected. Appellant's argument presumes that had appellees not objected to the submission of special interrogatories, appellant's request would have been granted. The record indicates, however, that the trial court independently concluded that special interrogatories should not be submitted to the jury. Generally, a trial judge may grant or refuse a request for specific findings on the basis of whether such would add to a logical and reasonable understanding of the issue. "To permit the jury to return special findings, where they are unnecessary, can create misleading issues and defeat justice." *Greet v. Arned Corporation*, 412 Pa. 292, 297, 194 A.2d 343, 345 (1963). Here we are unable to declare that the trial court abused its discretion in concluding that special interrogatories were inappropriate.

maintenance costs. It has never been the law in Pennsylvania, however, nor do we here choose to hold that the loss of life itself is compensable."

*Id.*, 444 Pa. at 308, 282 A.2d at 229. We discern little or no distinction between seeking to calculate the value of "life itself" and the value of experiencing life's pleasures. Were we to permit compensation for loss of "life itself", undoubtedly this intangible item would have to be measured in terms of the loss of those very opportunities to enjoy family, work, and recreation the trial court directed the jury to consider in measuring the loss of life's pleasures. Thus, to permit a jury to award damages to the estate for the decedent's loss of life's pleasures in effect authorizes a type of recovery expressly repudiated in *Incollingo.*

■ Even where the victim survives a compensable injury, this Court has never held that loss of life's pleasures could be compensated other than as a component of pain and suffering. Indeed, the two types of loss are interrelated. As this Court stated in *Corcoran v. McNeal*, 400 Pa. 14, 23, 161 A.2d 367, 372–73 (1960):

"The loss of well-being is as much a loss as an amputation. The inability to enjoy what one has heretofore keenly appreciated is a pain which can be equated with the infliction of a positive hurt. The conscious loss of a benefit to which one is entitled hurts as much as a festering wound."

Thus, to a large extent it has been the plaintiff's consciousness of his or her inability to enjoy life that we have compensated under the rubric of "loss of life's pleasures". Unlike one who is permanently injured, one who dies as a result of injuries is not condemned to watch life's amenities pass by. Unless we are to equate loss of life's pleasures with loss of life itself, we must view it as something that is compensable only for a living plaintiff who has suffered from that loss. It follows that, under *Incollingo*, damages for the pain and suffering that may flow from the loss of life's pleasures should only be recovered for the period of time between the accident and the decedent's death.

Judge Hoffman, writing for the Superior Court, persuasively rejected the conclusion appellant urges us to reach.

"Thus, case law upholds the distinction between loss of life, in which loss of life's amenities is not compensable, and impairment of a living person's faculties, in which instance such loss is recoverable. Therefore, the lower court's statement of the law was erroneous. We resist the lower court's attempt to expand the right of recovery in wrongful death and survival actions to include loss of life's amenities. The problem of translating the loss resulting from an accident into money damages is always a complex and often imprecise calculation. However, our courts and legislature have established some guidelines to assist the jury in compensating loss—loss of life's pleasures or amenities is simply not one of the elements of recovery in wrongful death and survival actions."

*Willinger v. Mercy Catholic Medical Center,* etc., 241 Pa.Super. 456, 469, 362 A.2d 280, 286–87 (1976) (footnote omitted).

Accordingly, the Order of the Superior Court is affirmed.

LARSEN, J., filed a dissenting opinion in which MANDERINO, J., joins.

LARSEN, Justice, dissenting.

This case was originally assigned to me. I submitted the following opinion as a majority opinion, for which there were insufficient votes. This is now submitted as a dissent.

On June 2, 1969, decedent, a patient at defendant Mercy Catholic Medical Center (herein referred to as "defendant hospital"), suffered a cardiac respiratory arrest during preoperative preparation for a tonsillectomy. Decedent suffered brain damage from said arrest and this brain damage eventually caused his death on July 23, 1969.

Plaintiff, decedent's father, filed suit against defendant hospital in the Delaware County Court of Common Pleas, alleging that defendant hospital was negligent in its treatment of decedent. Defendant hospital joined Dr. Martin T. Brennan (decedent's surgeon) and Dr. Josephine L. Go (dece-

dent's anesthesiologist) as additional defendants. A jury trial commenced and at the completion of all testimony, the trial court granted additional defendant Brennan's motion for a directed verdict. The case against defendant hospital and additional defendant Go was submitted to the jury which rendered a verdict in favor of plaintiff against defendant hospital in the amount of $450,000 under the Survival Act.[1] Additional defendant Go was absolved of all liability.

Defendant hospital's post-trial motions were denied by the trial court and defendant hospital appealed to the Superior Court, alleging 1) that the trial court erred in instructing the jury that it could award damages to the plaintiff under the Survival Act for decedent's "loss of life's pleasures" and 2) that the trial court erred in refusing to allow defendant hospital to amend its complaint against additional defendant Go. The Superior Court held that the trial court did not err in refusing to allow defendant hospital to amend its complaint against additional defendant Go, but that the trial court did err in instructing the jury that it could award damages to the plaintiff under the Survival Act for decedent's "loss of life's pleasures". Accordingly, the Superior Court granted a new trial, limited only to damages. *Willinger v. Mercy Catholic Medical Center*, 241 Pa.Super. 456, 362 A.2d 280 (1976). Both plaintiff and defendant hospital filed petitions for allowance of appeal to this Court; said petitions were granted.

In this appeal, plaintiff contends that the Superior Court erred in holding that the trial court acted erroneously in instructing the jury that it could award damages to the plaintiff under the Survival Act for decedent's "loss of life's pleasures". The trial court's charge read, in pertinent part:

"Here are three items to consider [under the survival action]. First, pain and suffering . . .

1. Plaintiff was awarded $5,199.75 in stipulated damages under the Wrongful Death Act.

The second item is compensation for loss of future earnings for the working life expectancy of the deceased, less the probable cost of his maintenance reduced to present worth.

The third item, any loss that may have been sustained as a result of the loss of *amenities or pleasures of life.* . . . Leonard [decedent] had a legal interest in a continuation of his life . . . [If you find either defendant liable,] you can compensate the plaintiff, that is, Mr. Willinger, as the administrator of the estate, for the loss of those years of life which you determine the decedent might otherwise have spent on this earth. We are not talking about loss of life as such because loss of life is not compensable. *What we are talking about is the loss of life's pleasures.*

I am not going to go into any great explanation on it. An individual has a right to enjoy life, to marry, if you will, to work, to enjoy hunting, enjoy fishing, enjoy watching ball games, even box lacrosse, if you want, all these sorts of things. And if that was cut off because of the negligent act of either or both of these defendants, which was the proximate cause thereof, you can make an award to Leonard Willinger's estate for that loss." (emphasis added).[2]

The Survival Act provides that "any right or liability which survives a decedent may be brought by . . . his personal representative . . . as though the decedent were alive". Act of April 18, 1949, P.L. 512, art. VI, § 603,

---

2. Defendant hospital objected to the charge on "loss of life's pleasures". Plaintiff then requested the court to submit special interrogatories to the jury so that the jury would segregate any damages awarded for "loss of life's pleasures" from all other damages. Counsel for defendant hospital objected to the special interrogatories and the court refused to submit the interrogatories. Plaintiff contends this should act as a waiver of defendant's right to appeal the court's charge because the special interrogatories would have allowed an easy cure to any possible error as opposed to the necessity of a new trial on the issue of damages if Superior Court is correct. Plaintiff is wrong. The record indicates that the judge would have refused the request for special interrogatories no matter what the defendant did. Finally, the waiver argument is very tenuous, at best.

*as re-enacted,* 20 P.S. § 3373. Although the Act does not define the types of damages which are available to the decedent's representative in a survival action, this Court has held that the Survival Act is "intended to compensate the decedent's estate . . . (for the) *decedent's total disability." Incollingo v. Ewing,* 444 Pa. 263, 306, 282 A.2d 206, 228 (1971) (emphasis added).

We held in *Corcoran v. McNeal,* 400 Pa. 14, 161 A.2d 367 (1960) that a plaintiff's loss of his ability to "enjoy" life can be considered by the jury in calculating plaintiff's damages for pain and suffering.[3] This method of calculating i. e. lumping "loss of life's pleasures" with pain and suffering has created confusion. It is an attempt to mix together two separate items—how do you mix oranges and cats? The effect has been to blur each item's uniqueness and significance. It has also resulted in a jury not being able to consider "loss of life's pleasures" where an injured plaintiff is in a comatose state and hence has no pain or suffering. And finally, individuals who are victims of a tortious act which results in immediate death have not been able to be compensated for "loss of life's pleasures" because they, too, have had no pain or suffering.

Therefore, I would hold that "loss of life's pleasures" is a separate item of damage to be considered by the fact finder in arriving at a just and proper award to compensate all tort victims for their tort caused death or injury.[4] "Life's pleasures" include a consideration of, but are not limited to, the

3. Usually after a trial court charges the jury in detail on pain and suffering, the judge then adds in passing a sentence about "loss of life's pleasures".

4. This holding is in accord with *Feldman v. Allegheny Airlines, Inc.,* 382 F.Supp. 1271, 1299 (D.Conn.1974), *aff'd in part,* 524 F.2d 384 (2d Cir. 1975) (non-jury award of $100,000 for "the destruction of the decedent's capacity to enjoy life's activities" affirmed; remand for recalculation of lost net earnings) and *Downie v. United States Lines Co.,* 359 F.2d 344, 347 (3rd Cir. 1966) *cert. denied,* 385 U.S. 897, 87 S.Ct. 201, 17 L.Ed.2d 130 (1966) (since plaintiff's injuries reduced his life expectancy, he can be compensated for the "enjoyment of life" which he would have had during the lost years of life.)

loss of the pleasure of obtaining a spouse, of raising children, of pursuing a vocation, of learning, of participating in social and sports activities and all those factors (physical, spiritual, mental and emotional) which the culture realistically provides for the particular injured or deceased victim. The trial court, the late Judge Donald Orlowsky presiding, properly charged the jury.

Defendant hospital, in its appeal to this Court, asserts that the trial court erred in ruling that the defendant hospital could not amend its complaint against additional defendant Go. Three days after the trial commenced and more than three years after the statute of limitations had expired, defendant hospital moved to amend its complaint against additional defendant Go. Defendant hospital's original complaint against additional defendant Go alleged a cause of action based *solely* on Go's individual negligence. In its attempted amended complaint, defendant hospital alleged that a nurse negligently treated decedent in defendant hospital while acting in her capacity as an employee of Go and therefore, Go was vicariously liable for said nurse's negligence. Defendant hospital's allegation of vicarious liability raised a new cause of action against Go and since the statute of limitations had already expired, the lower court properly prohibited said amended complaint.[5] *Kuisis v. Baldwin-Lima-Hamilton Corp.*, 457 Pa. 321, 325, 319 A.2d 914, 918 (1974).

The Superior Court's order, remanding this case for a new trial on damages, should be reversed and the judgment of the trial court should be reinstated.

MANDERINO, J., joins in this dissenting opinion.

5. Defendant hospital contends, however, that additional defendant Go waived her right to object to defendant hospital's untimely filing of the amended complaint because four years earlier, Go failed to move for a judgment of non pros against defendant hospital when the latter failed to timely file its original complaint. Defendant hospital's contention is without merit.