**MacLeod v. Russo**

C.P. of Monroe County, no. 11689 CIVIL 2008.

Anthony S. Cimini, for plaintiff.
Steven D. Costello, for defendant Russo.
Desiree Wilson, for Defendant Mehta.
James A. Doherty Jr., for defendant Monroe County Surgical Associates.
Joseph T. Healey, for defendants Pocono Medical Center and Pocono Health System.

MILLER, *J.,* May 6, 2010—On December 8, 2006[1] defendant David P. Russo M.D. performed a laparoscopic cholecystectomy on plaintiff's decedent Douglas MacLeod at Pocono Medical Center. He was assisted by defendant Mukesh J. Mehta M.D. After the procedure,

---

1. We note at the onset that plaintiff's amended complaint contains many typographical errors. These errors both create confusion and greatly alter the substantive content of the complaint. For example, paragraph 26 asserts decedent's date of death being March 3, 2006, nine months before he was admitted to Pocono Hospital. Additional typos in plaintiff's timeline create further confusion. We therefore will use dates gleaned from the original complaint and defendants' responsive pleadings.

defendant Russo immediately left for his vacation home in Cape May, New Jersey without securing surgical coverage in his place. Complications arose the next day. Plaintiff alleges this resulted from defendant Russo failing to properly identify and clip decedent's cystic artery during surgery. Decedent was transferred to Lehigh Valley Hospital where he was treated for cystic artery bleeding, and then discharged to Good Shepherd Specialty Hospital where he remained until March 23, 2007. Over the course of the next 11 months decedent had numerous hospitalizations. He died on March 3, 2008. At a subsequent date, defendant Russo admitted to a drug and alcohol addiction. Decedent's wife filed this medical negligence action on August 18, 2009.

All defendants have filed preliminary objections which were argued April 5, 2010. We will discuss each separately in this opinion.

## I. PRELIMINARY OBJECTIONS OF DAVID P. RUSSO M.D. AND MONROE COUNTY SURGICAL ASSOCIATES

Defendant Russo and defendant Monroe County Surgical Associates P.C. both raise preliminary objections to the complaint on five grounds: (1) a motion to strike scandalous and impertinent matters; (2) a demurrer to plaintiff's punitive damage claims; (3) insufficient specificity; (4) a demurrer to plaintiff's Survival Act claim and; (5) a demurrer to plaintiff's Wrongful Death Act claims.

Defendants first argue the allegations referencing addictions and conspiratorial methods of procuring pre-

scription drugs in paragraphs 25-32, 42, 58, 59, 64(n), 64(p), 64(q), 91-93, 99, 100(d) and 104 of plaintiff's amended complaint must be stricken for containing impertinent or scandalous material. Pennsylvania Rule of Civil Procedure 1028(a)(2) permits a party to file preliminary objections to strike impertinent or scandalous matter included in a pleading. Our Pennsylvania Commonwealth Court held in *Common Cause/Pennsylvania v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998) that scandalous and impertinent allegations are immaterial and inappropriate to the cause of action.

Plaintiff argues that both defendant Russo's drug use and the steps taken to procure drugs are relevant to the cause of action. Plaintiff believes these allegations are necessary in establishing a breach of standard of care and reckless behavior. However, we agree that many of plaintiff's allegations referencing defendant Russo's drug addiction are immaterial to establishing a cause of action or claims for punitive damages. These allegations do not serve as established facts in the cause of action but merely add unnecessary emotional weight. Plaintiff's detailing the conspiratorial means defendant Russo employed to obtain prescription drugs are also not relevant to the underlying medical malpractice cause of action. Further, several references to defendant Russo's drug addiction allege events outside of decedent's treatment dates. These allegations are also not relevant in establishing defendant Russo's behavior for the purpose of a punitive damages request. Rather they serve only to support defendant Russo's admitted drug abuse and addiction. Thus, they are immaterial to plaintiff's cause of action.

Conversely, factual allegations of defendant Russo's drug addiction establishing impairment and state of mind at the time of decedent's treatment are relevant to plaintiff's cause of action and claims for punitive damages. Factual allegations related to knowledge of defendant Russo's employers are also relevant to plaintiff's cause of action. We are not prepared to find all allegations immaterial at this early stage. As such we find paragraphs 25, 26, 27, 31, 32, 42, 58, 64(p), 92, and 93 to contain impertinent and scandalous material and will sustain defendants' preliminary objection to strike these paragraphs.

Next, moving defendants raise a preliminary objection in the form of a demurrer to plaintiff's claims for punitive damages. Preliminary objections in the nature of a demurrer assert that a complaint fails to state a claim upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible. *Lerner v. Lerner,* 954 A.2d 1229, 1234-35 (Pa. Super. 2008). A demurrer does not admit conclusions of law or unjustified inferences. *Id.* Preliminary objections may only be granted in cases that are free from doubt. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001).

Our Pennsylvania Legislature codified punitive damages as to healthcare providers in Pennsylvania's Medical Care Availability and Reduction of Error Act (MCARE). 40 P.S. §1303.505(a). Punitive damages may be awarded where harm resulting from the healthcare

provider's conduct is willful or wanton conduct or reckless indifference to the rights of others. *Id.* Punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment. *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 447 (1987). Under MCARE, even gross negligence is not insufficient to support punitive damages against a healthcare provider. 40 P.S. §1303.505(b). A request for punitive damages does not constitute a cause of action but is merely incidental to a cause of action. *Nix v. Temple University of Commonwealth System of Higher Education,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). Our sister court held in *Doe v. Curran,* 45 D.&C.4th 544, 552-54 (Lacka. Cty. 2000), that the requisite mindset to support punitive damages may be found through the commission of a similar act at a different time. MCARE also addresses a healthcare provider's vicarious liability in pertinent part:

"Punitive damages shall not be awarded against a healthcare provider who is only vicariously liable for the actions of its agent that caused the injury unless it can be shown by a preponderance of the evidence that the party knew of and allowed the conduct by its agent that resulted in the award of punitive damages." 40 P.S. §1303.505(c).

Instantly, plaintiff bases a request for punitive damages on defendant Russo's admitted addiction to prescription drugs, the steps he took to procure drugs and defendant Russo's failure to obtain surgical coverage to support the punitive damage claim. After striking the impertinent

paragraphs and accepting as true plaintiff's well-pled facts, we find that plaintiff does allege impairment at the time of the conduct giving rise to this cause of action. Plaintiff pleads facts establishing defendant Russo's knowledge of impairment and defendant Surgical Associates' knowledge of this impairment. Similarly, plaintiff also pleads facts establishing lack of coverage after surgery. From these facts plaintiff then pleads an indifference to the rights of others. We find that plaintiff has pled more than mere conclusions of law. We therefore find that plaintiff's request for punitive damages has been pled sufficiently and overrule moving defendants' demurrer.

Defendants next argue that paragraphs 11, 13, 58, 64(e), 64(h), 64(j), 64(k) and 64(o) must be stricken as not sufficiently pled. Pa.R.C.P. 1028(a)(3) allows preliminary objections on the basis of insufficient specificity in pleadings. Pa.R.C.P. 1019(a) requires parties to plead all material facts on which a cause of action is based. The Pennsylvania Superior Court has held that the pertinent question under Rule 1028(a)(3) is whether the complaint sufficiently informs of the specific basis on which recovery is sought such that the defendant may know on what grounds to make a defense. *Rambo v. Greene,* 906 A.2d 1232, 1236 (Pa. Super. 2006); *Ammlung v. Platt,* 224 Pa. Super. 47, 59, 302 A.2d 491, 498 (1973). Paragraph 58 has been stricken on other grounds. We thus limit our discussion to the remaining paragraphs.

Moving defendants argue that paragraphs 64(e), 64(h), 64(j), 64(k) and 64(o) are merely boilerplate claims

claiming unspecified acts of negligence. Moving defendants thus argue these claims are overly broad and leave them vulnerable to a number of unknown theories. Plaintiff counters in response that moving defendants are fully capable of preparing a response based on these pleadings. Further, plaintiff contends that moving defendants have greater information as the holder of medical records. As these paragraphs do not detail the behavior falling below the standard of care, we find that paragraphs 64(e), 64(h), 64(j) and 64(o) are overly vague and do not provide sufficient factual basis on which to form a defense. As such we find those paragraphs to be pled with insufficient specificity. However, we find paragraph 64(k) does provide a factual basis on which moving defendants can respond. We therefore sustain moving defendants' preliminary objection to strike paragraphs 64(e), 64(h), 64(j) and 64(o).

Defendant Surgical Associates also argues that paragraphs 11 and 13 are overly vague. This defendant argues that these paragraphs do not give sufficient detail as to the nature and scope of the agency relationship being asserted by plaintiff. In particular, moving defendant argues that plaintiff has failed to argue alleged agent's authority and what tortious acts of agents fell within that authority. We agree. Paragraphs 11 and 13 fail to describe the individuals plaintiff seeks to hold responsible, let alone identify. As such we find plaintiff has not pled these paragraphs with specificity and will therefore sustain defendant MCSA's preliminary objection for more specific pleading.

Moving defendants also raise a preliminary objection to plaintiff's claim under the Survival Act. Pennsylvania's Survival Act permits a decedent's claims to continue after their death. 42 Pa.C.S. §8302. The decedent's action continues in their personal representative. *Salvadia v. Ashbrook,* 923 A.2d 436, 439-40 (Pa. Super. 2007). The measure of damages in a survivor action includes pain and suffering. *Kiser v. Schulte,* 538 Pa. 219, 226, 648 A.2d 1, 4 (1994). Punitive damages are permitted, but only if decedent would be able to recover them had he survived. *Harvey v. Hassinger,* 315 Pa. Super. 97, 102, 461 A.2d 814, 816 (1983). A plaintiff may also recover for the inconvenience their decedent endured. *Hyrcza v. West Penn Allegheny Health System Inc.,* 978 A.2d 961, 979 (Pa. Super. 2009). However, loss of life's pleasure is not a separate element of damage in survival claims, but rather a component of the pain and suffering endured from the time between the accident until death. *Willinger v. Mercy Catholic Medical Center of Southeastern Pennsylvania, Fitzgerald Mercy Division,* 482 Pa. 441, 447, 393 A.2d 1188, 1191 (1978).

Plaintiff's claim under the Survival Act seeks a remedy based on a negligence theory for the pain, suffering, inconvenience, punitive damages, and loss of life's pleasure decedent endured from the time of injury until death. Plaintiff brings these claims on behalf of her decedent's estate. Pain and suffering are clearly permitted damages under the Survival Act. Similarly, the plaintiff would be permitted to recover for decedent's inconvenience prior to death. Without delving into the underlying merits of the instant case, claims for punitive damages are likewise

120

permissible under the Survival Act. However, we find plaintiff's damage claim for loss of life's pleasure as a separate element of damages to be impermissible under Pennsylvania law. As such, we will sustain moving defendants' preliminary objection and strike this request.

Moving defendants have also filed preliminary objections to plaintiff's claim under the Wrongful Death Act. In contrast to claims under the Survival Act, Pennsylvania law permits recovery for a decedent's wrongful death as a separate cause of action. 42 Pa.C.S. §8301(a). The Wrongful Death Act permits statutory beneficiaries to recover for the pecuniary loss suffered as a result of the decedent's death. *Kiser,* 538 Pa at 226, 648 A.2d at 4. This action may only be brought if the decedent did not make a claim for the same damages during his lifetime and any prior actions for the injuries are consolidated into the wrongful death action. *Id.* This right to bring this action is statutorily limited to the spouse, parents, and children of the deceased. 42 Pa.C.S. §8301(b). A plaintiff in a wrongful death action "shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." 42 Pa.C.S. §8301(c). These damages include loss of services the deceased would have rendered to the family. *Kiser,* 538 Pa. at 226, 648 A.2d at 1. However, punitive damages are not permitted in a wrongful death action. *Harvey v. Hassinger,* 315 Pa. Super. 97, 100, 461 A.2d 814, 815 (1983).

Moving defendants' preliminary objection to plaintiff's wrongful death claim argues it improperly pleads

vague remedies not permitted under the Wrongful Death Act and has not established parties entitled to recovery. In particular, moving defendants take issue with the "other damages" requested in paragraph 110 of the complaint. However, plaintiff's request for damages in paragraph 110 almost entirely mirrors the statutory language in the Wrongful Death Act, including the request for "other damages." In addition, paragraph 108 of plaintiff's complaint clearly identifies individuals entitled to recover, decedent's wife and his two children. Unfortunately, paragraph 110 of the amended complaint improperly asserts a right for "plaintiff's survivors" rather than "decedent's survivors." Similarly, paragraph 113(e) asserts on behalf of plaintiff's surviving children, rather than decedent's surviving children. These seeming technical errors result in an insufficient pleading of plaintiff's wrongful death claim as only decedent's statutory survivors are beneficiaries under the Wrongful Death Act. In light of this and other typographical errors, we therefore sustain moving defendants' preliminary objection to the wrongful death, claim but will allow plaintiff to again amend her complaint.

## II. PRELIMINARY OBJECTIONS OF DEFENDANT MUKESH J. MEHTA M.D.

On September 11, 2009 this court entered an order reflecting a stipulation between plaintiff and defendant Mehta withdrawing claims of punitive damages against defendant Mehta while preserving plaintiff's right to reinstate punitive damage claims in an amended complaint. On January 22, 2010, plaintiff amended her com-

plaint. Defendant Mehta now raises preliminary objections in the form of a demurrer to plaintiff's renewed claims of punitive damages, Survival Act and Wrongful Death Act claims. Plaintiff has again agreed to withdraw the punitive damages claims against defendant Mehta. We therefore limit our discussion to defendant Mehta's remaining preliminary objections.

Pa.R.C.P. 1028(a)(4) permits a party to file a demurrer to strike insufficient pleadings. Preliminary objections in the nature of a demurrer assert that a complaint fails to state a claim upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible. *Lerner v. Lerner,* 954 A.2d 1229, 1234-35 (Pa. Super. 2008). A demurrer does not admit conclusions of law or unjustified inferences. *Id.* Preliminary objections may only be granted in cases that are free from doubt. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001).

Pennsylvania's Survival Act permits the claims a decedent would have been able to bring had they survived to continue after their death. 42 Pa.C.S. §8302. The decedent's action continues in their personal representative. *Salvadia v. Ashbrook,* 923 A.2d 436, 439-40 (Pa. Super. 2007). The measure of damages in a survival action includes pain and suffering. *Kiser v. Schulte,* 538 Pa. 219, 226, 648 A.2d 1, 4 (1994). A plaintiff may also recover for the inconvenience their decedent endured. *Hyrcza v. West Penn Allegheny Health System Inc.,* 978 A.2d 961, 979 (Pa. Super. 2009). However, loss of life's pleasure

is not a separate element of damage in survival claims, but rather a component of the pain and suffering endured from the time between the accident until death. *Willinger v. Mercy Catholic Medical Center of Southeastern Pennsylvania, Fitzgerald Mercy Division,* 482 Pa. 441, 447, 393 A.2d 1188, 1191 (1978).

Defendant objects to plaintiff's Survival Act claim arguing it asserts damages outside those recoverable by statute. As discussed above, plaintiff has already agreed to withdraw the punitive damage claim. Plaintiff's remaining claims seek a remedy based on a negligence theory for the pain, suffering, inconvenience, and loss of life's pleasure decedent endured from the time of injury until death. Plaintiff brings these claims on behalf of her decedent's estate. Pain and suffering are clearly permitted damages under the Survival Act. Similarly, the plaintiff would be permitted to recover for decedent's inconvenience prior to death. However, we find plaintiff's damage claim for loss of life's pleasure as a separate element of damages to be impermissible under Pennsylvania law. As such, we will sustain defendant's preliminary objection as to the damage claim for decedent's loss of life's pleasure and permit plaintiff to amend their complaint to conform accordingly.

In contrast, Pennsylvania law permits recovery for a decedent's wrongful death as a separate cause of action. 42 Pa.C.S. §8301(a). The Wrongful Death Act permits statutory beneficiaries to recover for the pecuniary loss suffered as a result of the decedent's death. *Kiser,* 538 Pa. at 226, 648 A.2d at 4 (1994). This action may only be brought if the decedent did not make a claim for the

same damages during their lifetime and any prior actions for the injuries are consolidated into the wrongful death action. *Id.* This right to bring this action is statutorily limited to the spouse, parents, and children of the deceased. 42 Pa.C.S. §8301(b). A plaintiff in a wrongful death action "shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." 42 Pa.C.S. §8301(c). These damages include loss of services the deceased would have rendered to the family. *Kiser,* 538 Pa. at 226, 648 A.2d at 4. However, punitive damages are not permitted in a wrongful death action. *Harvey v. Hassinger,* 315 Pa. Super. 97, 100, 461 A.2d 814, 815 (1983).

Defendant's preliminary objection to plaintiff's wrongful death claim argues it improperly pleads vague remedies not permitted under the Wrongful Death Act and has not established parties entitled to recovery. In particular, defendant takes issue with the "other damages" requested in paragraph 110 of the complaint. However, plaintiff's request for damages in paragraph 110 almost entirely mirrors the statutory language in the Wrongful Death Act, including the request for "other damages." In addition, paragraph 108 of plaintiff's complaint clearly identifies individuals entitled to recover, decedent's wife and his two children. Unfortunately, paragraph 110 of the amended complaint improperly asserts a right for "plaintiff's survivors" rather than "decedent's survivors." Similarly, paragraph 113(e) asserts on behalf of plaintiff's surviving children, rather than decedent's surviving children. These seeming tech-

nical errors result in an insufficient pleading of plaintiff's wrongful death claim as only decedent's statutory survivors are beneficiaries under the Wrongful Death Act. In light of this and other typographical errors, we therefore sustain defendants' preliminary objection to the wrongful death claim but will allow plaintiff to again amend her complaint.

## III. PRELIMINARY OBJECTIONS OF POCONO MEDICAL CENTER AND POCONO HEALTH SYSTEM

These defendants raise preliminary objections in the form of a demurrer to plaintiff's punitive damage claims contained in Counts IV and V of the amended complaint based on vicarious liability for defendant Russo's actions and its own negligence and corporate liability respectively.

Insufficient pleadings may be struck by way of a preliminary objection in the nature of a demurrer pursuant to Pa.R.C.P. 1028(a)(4). A demurrer asserts that a complaint fails to state a claim upon which relief can be granted. *Sutton v. Miller,* 405 Pa. Super. 213, 592 A.2d 83 (1991). A defendant's demurrer admits all relevant facts sufficiently pled in the complaint and all inferences fairly deducible. *Lerner v. Lerner,* 954 A.2d 1229, 1234-35 (Pa. Super. 2008). However, a demurrer does not admit conclusions of law or unjustified inferences. *Id.* Preliminary objections may only be sustained in cases that are free from doubt. *McCullough v. Clark,* 784 A.2d 156, 157 (Pa. Super. 2001). Under Pa.R.C.P. 1019(a)

parties must plead all material facts on which a cause of action is based.

A request for punitive damages does not constitute a cause of action but is merely incidental to a cause of action. *Nix v. Temple University of Commonwealth System of Higher Education,* 408 Pa. Super. 369, 380, 596 A.2d 1132, 1138 (1991). Our Pennsylvania Legislature codified punitive damages as to healthcare providers in Pennsylvania's Medical Care Availability and Reduction of Error Act (MCARE). 40 P.S. §1303.505(a). Punitive damages may be awarded where harm resulting from healthcare provider's conduct is willful, wanton or reckless indifference to the rights of others. *Id.* However, punitive damages may not be awarded for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment. *McDaniel v. Merck, Sharp & Dohme,* 367 Pa. Super. 600, 623, 533 A.2d 436, 447 (1987). Under MCARE, even gross negligence is also insufficient to support punitive damages against a healthcare provider. 40 P.S. §1303.505(b). MCARE also addresses a healthcare provider's vicarious liability in pertinent part:

"Punitive damages shall not be awarded against a healthcare provider who is only vicariously liable for the actions of its agent that caused the injury unless it can be shown by a preponderance of the evidence that the party knew of and allowed the conduct by its agent that resulted in the award of punitive damages." 40 P.S. §1303.505(c).

Moving defendants argue that Count IV of the amended complaint does not allege grounds for awarding puni-

tive damages based on vicarious liability. Plaintiff alleges an agency relationship has been created by moving defendants' employment of defendant Russo. Count IV of the amended complaint alleges that moving defendant knew and permitted the addictions which gives rise to the claim of punitive damages against defendant Russo. Accepting all facts pled as true, Count IV of the amended complaint does allege that moving defendants knew of and permitted defendant Russo's conduct. This preliminary objection is dismissed.

Moving defendants also argue that Count V of the amended complaint's request for punitive damages is not sufficiently pled. Corporate negligence is a separate claim for liability based on a hospital's own policies, actions or inactions, rather than vicariously through an agent. *Brodowski v. Ryave,* 885 A.2d 1045, 1056-57 (Pa. Super. 2005). A hospital is directly liable for corporate negligence if it fails to (1) use reasonable care in maintaining facilities and equipment; (2) select and retain competent physicians; (3) oversee all medical practitioners; or (4) create, adopt, and enforce policies to ensure quality patient care. *Id.* (citation omitted) As held by our sister court in *Krout v. Martin,* 50 D.&C.3d 472, 478 (York Cty. 1989), it therefore follows that a plaintiff seeking punitive damages for a hospital's corporate liability must allege facts constituting bad motive or reckless indifference directly by the hospital, not by the agent.

Accepting all facts contained in Count V of the amended complaint as true, plaintiff argues that moving defendants had knowledge of defendant Russo's drug addiction and failure to procure surgical coverage. Al-

though this may be sufficient to support a claim of corporate liability, it fails to plead facts demonstrating conduct of the hospital directly that is willful, wanton, or recklessly indifferent to the rights of others. As such we find the request for punitive damages has not been sufficiently pled. We sustain moving defendants' preliminary objection as to Count V.

In light of the foregoing, we enter the following order.

## ORDER

And now, May 6, 2010, after oral argument held in this matter and a review of the parties' briefs, it is ordered as follows:

(1) The preliminary objections of defendants, David P. Russo M.D. and Monroe County Surgical Associates, are dismissed as to plaintiff's punitive damages claims and sustained as to plaintiff's Survival Act claim, wrongful death claim and paragraphs 11, 13, 25, 26, 27, 31, 32, 42, 58, 64(e), 64(h), 64(j), 64(o), 64(p), 92 and 93.

(2) The preliminary objections of defendant, Mukesh J. Mehta M.D., are sustained as to plaintiff's claim under the Wrongful Death Act and for loss of life's pleasures under the Survival Act.

(3) The preliminary objections of defendants, Pocono Medical Center and Pocono Health System, to plaintiff's Count IV are dismissed and sustained as to Count V.

(4) Plaintiff shall have 20 days from the date of this order to file a second amended complaint.