[Civ. No. 11127. First Appellate District, Division Two.—September 26, 1939.]

MILTON A. PURDY, Respondent, v. SWIFT AND COMPANY (a Corporation) et al., Appellants; INDUSTRIAL INDEMNITY EXCHANGE, Intervener.

George M. Naus and Donald Seibert for Appellants.

Glensor & Schofield, H. W. Glensor, and Pierce J. Deasy, for Respondent.

DOOLING, J., *pro tem.*—Plaintiff and respondent after a jury trial recovered damages of $20,000 from defendant and appellant for personal injuries received in an automobile collision. A motion for new trial was denied. ■ The only question raised on the appeal is that the amount of the verdict is so excessive as to demonstrate that it must have been given under the influence of passion or prejudice.

Respondent at the time of the collision was forty-nine years old and had a normal life expectancy of 21.63 years. He had been in a serious accident in Utah in 1935 which incapacitated him to a considerable extent until the middle of 1937. We will not enlarge further upon this than to say that lay witnesses who saw respondent in the latter part of 1937 testified that to all outward appearances and from his conduct and conversations he appeared to have fully recovered from the Utah accident, and that the evidence further shows that a month before the injuries involved in this action were received on January 6, 1938, he was employed by Hanrahan Company in temporary employment at $200 per month. From this evidence the jury may be assumed to have found that respondent was completely recovered from the Utah accident at the time he received the injuries here in question.

As a result of the later collision respondent received a long cut on his forehead requiring twelve stitches, a fracture of the little finger, a fracture of the transverse sternum, a fracture of the upper jaw and of the cheek lobes (zygomatic bones), a fracture of the nasal bones and septum and a brain concussion. At the time of trial he was suffering from a complete loss of the sense of smell, a partial loss of the sense of taste, continuing headaches, facial pains around the nose and under the eyes, a constant distortion of the upper lip, a continual nasty taste in the mouth, dizziness and loss of balance and poor eyesight. In addition to the above his memory was impaired, he had become nervous and irascible, was no longer mentally alert, worked slowly, could not recall the details of jobs, had become despondent and seemed

like an old man. There was medical testimony from which the jury was justified in finding that the loss of the sense of smell, the impairment of the sense of taste, dizziness, headaches, impairment of memory and of mental alertness, moroseness, depression and irascibility would all be permanent. The special damages for medical and surgical care and hospitalization totaled $1324.55.

Respondent had been for many years a licensed contractor. His earnings before the Utah accident had been much larger than the $200 per month at which he was employed at the time he received his present injuries and the jury was entitled to find that but for those injuries his earnings would have been considerably increased over $200 per month. A simple calculation will show that over the period of his normal expectancy the reduction of his earning capacity by so little as $100 per month would total over $25,000. Adjustment of this amount for interest would necessarily reduce it considerably, but in addition to the loss of earning capacity the jury were entitled to consider the inconvenience and annoyance of the permanent loss of the sense of smell, impairment of the sense of taste, loss of memory and mental alertness and the other mental and personality changes above enumerated, together with the pain and suffering immediately following the injury, much of which persisted to the time of trial.

Applying the settled rule enough has been stated to show that this is not a case wherein the award is so disproportionate to the injuries as to indicate at first blush that it must have been the result of passion or prejudice.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.