161 So.2d 27 (1964)
Richard Briggs EVANS and Darby Buick, Inc., a Florida corporation, Appellants,
v.
Kenneth H. PERRY, an infant, by Marcelle Perry, his next friend, and Marcelle Perry, individually, Appellees.
No. 3838.
District Court of Appeal of Florida. Second District.
January 22, 1964.
Rehearing Denied February 21, 1964.
*28 Henry P. Trawick, Jr., of Kirk, Pinkerton, Sparrow, Trawick and McClelland, Sarasota, for appellants.
Robert J. Boylston and Warren Goodrich, of Goodrich, Hampton and Boylston, Bradenton, and Early & Early, Sarasota, for appellees.
FUSSELL, CARROLL W., Associate Judge.
This appeal is brought by the defendants below from a judgment entered in Sarasota County pursuant to a jury verdict at the end of a 3-day trial. The plaintiffs below are a minor son and his mother suing as next friend and individually, and the defendants are the owner and operator of an automobile which plaintiffs allege was operated negligently, causing it to collide with a motorcycle being operated by the minor son. By its verdict the jury awarded $52,000.00 to the minor son and $12,300.00 to his mother. No question as to liability is raised on the appeal, the defendants below maintaining that reversible error consisted in:
(1) Permitting plaintiffs' medical expert, who defendants claim is an examining and not a treating physician, to testify as to the history given him by the plaintiffs;
(2) Permitting this same medical expert, over the objection of the defendants, to testify as to the necessity and propriety of the medical services rendered;
(3) Sustaining plaintiffs' objection made, only and for the first time, at the trial to the introduction in evidence of the depositions of a medical witness for defendants, because it was not shown that he was the treating physician or had personal knowledge of the notes and hospital records from which he testified; and
(4) Sustaining plaintiffs' objection to three photographs offered in evidence by the defendants.
We do not rule on Nos. 1 and 2 at this time for the reason that the ruling of the Circuit Court is presumed to be correct. The burden is on the appellants to show error in this ruling. Only a partial and an incomplete record has been presented by appellant.
Defendants' attorney contends that the testimony of other witnesses put in evidence proof of the same facts as were covered by the history upon which the opinion of the plaintiffs' medical expert was based. Appellants have failed to include in the record the testimony of such defendants, so that this court will be unable to say that the lower court has erred, even though plaintiffs' medical witness was found by *29 this court to be an examining and not a treating physician.
As to ground No. 3, defendants contend that no objection was made to this deposition at the time of its taking and that the exclusion of this deposition by the court upon objection made at the time of trial constituted reversible error. The attorneys for the plaintiffs say that the court properly excluded the deposition because there was no proof that the doctor testifying had personally examined or treated the plaintiff-minor, and also because the doctor was testifying from hospital records and it was not shown that he personally made the records or was present when they were made, or had any knowledge of their accuracy and that, therefore, his testimony was hearsay.
The deposition itself is in the record and is designated as a deposition de bene esse. Notice of the taking of the deposition is in the record, and it appears in the deposition that it was taken on April 28, 1959, in Milledgeville, Georgia; that there was no appearance for the plaintiffs, although proper notice of the taking of the deposition to the plaintiffs was attached to it. The deposition bears the Clerk's filing mark of May 4, 1959, and the trial of this cause took place on October 17, 18 and 19, 1962, about two and a half years later.
Objections to testimony given at the taking of a deposition, and particularly whether or not they should be made at the time the depositions are being taken or should be made at the time of trial, is governed by Florida Rules of Civil Procedure, No. 1.26(c) (1), 30 F.S.A., as follows:
"Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time." (Emphasis supplied.)
This Rule is the same as Federal Rule 32 (c) (1) (2). This Rule has been interpreted, under similar facts, in the case of Cordle v. Allied Chemical Corporation, 6 Cir., 309 F.2d 821 (1962), as follows:
"Another of the assignments of error relates to the testimony of Dr. E.W. Garred, who was called on behalf of the plaintiff. It is claimed that he was consulted purely for the purpose of securing him as a medical witness and that he was permitted to testify to the history and subjective symptoms given him by the plaintiff and to give an opinion based, in part, on such history and subjective symptoms.
"* * *
"(11, 12) Dr. Garred's testimony was taken and submitted at the trial on deposition. The objections now directed at the doctor's testimony were not made at the time of taking the deposition. Objections to the competency of a witness and to the competency, relevancy and materiality of testimony taken on deposition, are waived if not made before or during the taking of the deposition, if the ground of the objection is one which might have been corrected if made at that time. Rule 32(c) (1) (2). Thompson v. Thompson, 82 U.S.App.D.C. 325, 164 F.2d 705, 706; Batelli v. Kagan & Gaines Co. Inc., 236 F.2d 167, 170, C.A. 9. We think these objections fall in that category. The doctor could have been instructed not to state the history and symptoms as given him by the plaintiff and hypothetical questions could have been framed, based on the history and symptoms of the plaintiff, as his counsel must certainly have known them at that time.
"(13) * * * If the objection was that his qualifications were not given in the record, that could easily have been corrected."
The argument made by counsel for appellees-defendants is:
"There is no showing in the deposition that the notes contained in the *30 clinical record were those of Dr. Kramer. * * * There is no indication in the deposition whether Dr. Kramer himself was present or took part in that staff meeting. * * * It is clear that the answer given by the doctor was based on knowledge gained from the document in question, which was hearsay. * * * The trial court was of the opinion that the deposition did not show that Dr. Kramer was testifying from his own knowledge and that for this reason no proper foundation was laid for the admission of his testimony. * * * No showing is made in the deposition as to when the entries in the document were made, nor is any showing made as to who made the entries."
It is quite clear that the objections were not made and sustained by the court on the ground that the deposition positively showed that the doctor was incompetent to testify, but rather on the ground that it did not show definitely and clearly that he was competent to testify. If these objections had been made at the time of the taking of the deposition or even at some later date during the two and a half years they were on file in this cause prior to the trial, the defendants might have been able to obviate or remove the grounds for the objections by offering proof of facts which would have shown the competency of the witness in these particular matters, or a hypothetical question might have been framed.
We feel that under this Florida Rule as cited that plaintiffs waived their objections by failing to make them at the time of the taking of the deposition and could not wait until the time of trial to make these particular objections which might have been obviated by the defendants if made at the time they were taken.
In this deposition the medical expert of the defendants, who apparently was the only medical expert offered by them, made answer to questions as indicated here:
"Q. * * * Will you state whether or not, based on your experience as a pyschiatrist and from your knowledge of this patient, that his injury to his left ankle had any connection with the mental trouble for which he was admitted to your hospital?
"A. The injury, so far as we could ascertain, had absolutely no relation to the mental illness for which he was admitted here."
Since the principal questions on this appeal deal with the amount of damages sustained, the matter of whether or not the minor plaintiff's mental condition was caused by the accident was most important. We are, therefore, unable to say that it was harmless error for the court to have excluded this deposition from consideration by the jury.
The final objection, No. 4, is as to the refusal of the court to allow in evidence certain photographs. It appears from the record that general photographs offered in evidence by the defendants were received in evidence by the court, and that the particular photographs objected to, which was sustained by the court, presented a close-up view and contained matters and objects which might become most relevant in this trial, but which were not identified by any witness as being present at the time of the accident. The photographs were of a particular portion of the public street and were made several days after the accident occurred. We do not feel that the Circuit Judge was shown to be in error by refusing to admit such photographs in evidence.
The above cause is reversed and order for a new trial should be granted on damages only.
Reversed.
SMITH, C.J., and ALLEN, J., concur.