[Civ. No. 15155. Third Dist. May 3, 1976.]

RONALD A. HUFF, Plaintiff and Respondent, v.
MARK LEE TRACY et al., Defendants and Appellants.

**COUNSEL**

Rich, Fuidge, Dawson, Marsh, Morris, Sanbrook, Grove, Hill and Iverson, Thomas-L. Hill, Ellis J. Horvitz and Arthur E. Schwimmer for Defendants and Appellants.

Keeley, Guthrie & Ruddick, and Terrance J. Keeley for Plaintiff and Respondent.

**OPINION**

**FRIEDMAN, Acting P. J.**—This suit arises from an automobile collision at a signal-controlled street intersection. Defendant was driving northward, but keeping his eye on a police vehicle behind him and ignoring the traffic ahead. According to uncontradicted evidence, defendant was 250 to 400 feet south of the intersection when the traffic light changed from orange to red. Despite the signal, defendant continued at an undiminished speed in excess of 40 miles per hour toward the intersection, attempted to brake his vehicle on wet pavement just before the intersection but failed to keep it out of the intersection.

Plaintiff, driving westward on the cross-street, halted for the red light. The light changed to green. Plaintiff looked south, didn't see any vehicle approaching near enough to regard as a hazard, entered the intersection and stopped for an eastbound vehicle which was making a left turn in front of him. At that point of time and space, plaintiffs' automobile collided with defendants.'

The trial court directed a verdict for plaintiff on the liability issue. The jury fixed plaintiff's damages at $80,000. Defendants appeal from the judgment.

 Contrary to defendants' contention, the trial court did not err in taking defendants' claim of contributory negligence out of the jury's hands. A trial court may withdraw the contributory negligence issue from the jury where it can hold, as a matter of law, that no inference of contributory negligence is rationally possible. (*Kuhlmann* v. *Pascal & Ludwig*, 5 Cal.App.3d 144, 151 [85 Cal.Rptr. 199].) Defendants argue that only the jury could decide whether his automobile had the appearance of a hazard as plaintiff entered the intersection. The argument fails. Defendants' vehicle was 250 to 400 feet south of the intersection when the light changed from orange to red. Plaintiff was entitled to believe that defendant would not enter the intersection against the signal and was not negligent in acting on the basis of that belief; there was no evidence to support a reasonable inference of contributory negligence; conjecture or speculation was not enough. (*La Manna* v. *Stewart*, 13 Cal.3d 413, 428-429 [118 Cal.Rptr. 761, 530 P.2d 1073].)

Another charge of error arises from the damage instructions. The court gave the standard jury instruction on pain and suffering (BAJI No. 14.13), part of which we quote below.[1] In addition, plaintiff requested and the court gave an instruction on damages for injury to "enjoyment of life," which we also quote below.[2] Defendant assigns the latter instruction as error.

---

[1] "Reasonable compensation for any pain, discomfort, fears, anxiety and other mental and emotional distress suffered by the plaintiff and of which his injury was a proximate cause and for similar suffering reasonably certain to be experienced in the future from the same cause."

[2] "You may also award plaintiff reasonable compensation for the physical and mental effects of the injury on his ability to engage in those activities which normally constitutes [*sic*] the enjoyment of life."

In the accident plaintiff suffered severe lacerations of the tongue, with permanent scarring afterwards. His sense of taste was permanently impaired. He cannot taste sugar or salt unless he adds a large amount of these substances to his food. Inferably, this circumstance motivated the court to give the instruction in question.

No California decision has considered the propriety of a jury instruction permitting a damage award for injury-caused loss of the "enjoyment of life." ■ California case law recognizes, as one component of general damage, physical impairment which limits the plaintiff's capacity to share in the amenities of life. (*Henninger* v. *Southern Pacific Co.*, 250 Cal.App.2d 872, 883 [59 Cal.Rptr. 76] (loss of both legs); *Purdy* v. *Swift and Co.*, 34 Cal.App.2d 656, 658 [94 P.2d 389] (impairment of taste and smell); *Scally* v. *W. T. Garratt & Co.*, 11 Cal.App. 138, 145 [104 P. 325] (loss of ability to pursue musical studies); see Johns, Cal. Damages, §§ 142-143; Cal. Attorney's Damages Guide (Cont.Ed.Bar) pp. 319-320.) The California decisions rarely employ the "enjoyment of life" rubric, yet achieve a result consistent with it. No California rule restricts a plaintiff's attorney from arguing this element to a jury. Damage for mental suffering supplies an analogue. (See *Capelouto* v. *Kaiser Foundation Hospitals,* 7 Cal.3d 889, 893 [103 Cal.Rptr. 856, 500 P.2d 880].) A majority of American jurisdictions recognize the compensability of loss of enjoyment of life, some as a component of the pain and suffering award, others as a distinct item of damage. (Annot. 15 A.L.R.3d 506; see also *Downie* v. *United States Lines Co.,* 359 F.2d 344, 347.)

■ The real question is not the propriety of this portion of the verdict; rather, whether a court may instruct on loss of enjoyment of life in addition to or distinct from general damages. We conclude that it may not.

■ The standard pain-and-suffering instruction (BAJI No. 14.13, fn. 1, *ante*) describes a unitary concept of recovery "not only for physical pain but for fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation, indignity, embarrassment, apprehension, terror or ordeal." (*Capelouto* v. *Kaiser Foundation Hospitals, supra,* 7 Cal.3d at pp. 892-893; see Werchick, Cal. Preparation and Trial, p. 422.) ■ A separate enjoyment-of-life instruction only repeats what is effectively communicated by the pain-and-suffering instruction. Commentators have pointed out that the enjoyment-of-life instruction opens the possibility of double compensation. (4 Witkin, Summary of Cal. Law,

Torts, § 886, pp. 3172-3173; Johns, *op. cit.*, p. 142; 61 Harv.L.Rev. 113, 143.) A trial court errs when it follows the pain-and-suffering instruction by another which tells the jurors that they may also, that is, additionally, award damages for injury to the enjoyment of life.

In this case the erroneous instruction was harmless error. The plaintiff was a 31-year-old married man, the father of two young children. He could not work for ten months and lost earnings from two sources aggregating almost $12,000. His medical bills were almost $2,000. His tongue had been almost severed and his taste faculty permanently impaired. He suffered a severe cerebral concussion which caused headaches and dizziness. These symptoms were confirmed by encephalograms. His head injury became asymptomatic after six months; nevertheless, his doctor postulated the possibility of post-traumatic headaches and dizziness. He suffered a compression fracture of a cervical vertebra which required a neck brace for some months and left him with subjective complaints of neck tautness. His injuries included multiple abrasions and contusions. He complained of a leg injury and a slight limp.

In view of these losses and injuries, the $80,000 award was well within the bounds of reason. The record on appeal shows no claim of excessive damages in the trial court and none is urged here. Nothing in the record shows that the jurors requested or were given copies of the written instructions. (See Code Civ. Proc., § 612.5.) Thus the enjoyment-of-life instruction was not before the jury as a physical manifestation separate from the pain-and-suffering instruction. Rather, it was part of an oral flow of instructions, conveying the impression of one item of loss within the general ambit of pain-and-suffering. Whatever the erroneous instruction's potential for causing double compensation, the present record discloses no reasonable probability that it increased the award. Consequently the error does not cause reversal. (Cal. Const., art. VI, § 13; *People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].)

Judgment affirmed.

Paras, J., and Evans, J., concurred.