Willie SMITH, Appellant,

v.

CROUSE–HINDS CO., Appellee.

No. 3–575A89.

Supreme Court of Indiana.

Aug. 15, 1979.

William S. Spangler and Jon F. Schmoll, Spangler, Jennings, Spangler & Dougherty, Gary, for appellant.

Winfield L. Houran, Clifford, Hoeppner, Houran, Wagner and Evans, Valparaiso, Carl N. Carpenter, Galvin, Galvin & Leeney, Hammond, for appellee.

## ON PETITION TO TRANSFER

GIVAN, Chief Justice, dissenting opinion.

I dissent to the denial of the petition to transfer in this cause for the reason that the Court of Appeals has overlooked the crucial evidentiary rule of relevancy. I agree with the statement of the Court of Appeals that when physical evidence connected to the issues in the case is offered, the "authenticity of the exhibit must be established," normally by way of "prefatory evidence identifying the exhibit as the object involved in the incident." *Smith v. Crouse-Hinds Co.* (1978) Ind.App., 373 N.E.2d 923, 926.

However, in addition to showing that the object was involved in the incident, the plaintiff must also demonstrate, under principles of relevancy, that the evidence is reasonably connected to the malfeasance or misfeasance charged to the defendant. In *Storckman v. Keller* (1968) 143 Ind.App. 43, 237 N.E.2d 602, the plaintiff brought an action on the theory that the defendant had replaced three cap screws on the steering mechanism of an automobile with three smaller bolts and nuts of insufficient tensile strength. When the bolts sheared, the steering became inoperable, resulting in a crash and injury. At trial, plaintiff attempted to introduce in evidence a bolt allegedly taken from the automobile's frame. The Court of Appeals correctly upheld the trial court's exclusion of the evidence, observing that it was never established that the bolt was part of the steering mechanism at the time of the accident or even that it came from the same automobile.

Hence, in the case at bar, Smith not only had to demonstrate that the pin caused the explosion but also that the pin came from a Crouse-Hinds switch. Smith has totally failed in this regard. It is undisputed that Smith has offered no evidence whatsoever of any missing pins from Crouse-Hinds switches located above the soap tank, above the boxes of soap or in the entire plant. Indeed, plaintiff's witness George Johnson, the Control Manager for Marbon Chemical who investigated the accident, admitted on cross-examination that following the explosion he found no missing pins in Crouse-Hinds switches throughout the plant. Smith has therefore failed to establish the necessary prerequisite of relevancy for admission of this pin in evidence. In my judgment, the trial court did not err in excluding the pin.

Nor did the trial court err in excluding the expert testimony and in granting judgment on the evidence for Crouse-Hinds. The expert testimony, concerned solely with the design and structure of this pin and of all Crouse-Hinds pins, was irrelevant unless this pin is shown to have come from a Crouse-Hinds switch in the Marbon plant. Further, it is clear that absent the establishment of the pin as coming from a Crouse-Hinds switch and the admission of the pin, the crux of plaintiff's theory is destroyed. If no Crouse-Hinds pins were missing from any switches in the plant, then no Crouse-Hinds pins could possibly have fallen into the soap tank as a result of a defective design or installation of switches. Smith has therefore failed to produce even a scintilla of evidence on the essential element of causation.

In my opinion, the trial court correctly excluded the pin and expert testimony from evidence and correctly granted judgment on the evidence for defendant Crouse-Hinds. For these reasons, I would grant transfer and affirm the judgment of the trial court.

PRENTICE, J., concurs.