**David J. CANFIELD, Jr., Appellant (Defendant Below),**

v.

**Melvin H. SANDOCK and Betty J. Sandock, Appellees (Plaintiffs Below).**

No. 71A03–8809–CV–274.

Court of Appeals of Indiana, Third District.

Dec. 4, 1989.

Arthur A. May, Robert J. Palmer, Wendell W. Walsh, May, Oberfell & Lorber, South Bend, for appellant.

Robert F. Gonderman, Sr., Robert F. Gonderman, Jr., Gonderman Law Offices, P.C., South Bend, for appellees.

HOFFMAN, Judge.

Appellant David J. Canfield, Jr. appeals a jury trial judgment in favor of Melvin and Betty Sandock. The facts indicate that as a result of an automobile-pedestrian accident on October 23, 1986, Melvin and Betty Sandock filed a complaint for negligence against Canfield alleging that Melvin "suf-

fered temporary and permanent physical injury, temporary and permanent pain and suffering, mental suffering, medical expenses and economic loss." The complaint also alleged that Betty suffered a loss of consortium. *Canfield v. Sandock* (1988), Ind.App., 521 N.E.2d 704, 705 (transfer pending). The jury awarded Melvin $125,000.00 and Betty $50,000.00.

Appellant contends that the trial court erred in modifying a tendered jury instruction which reads:

"At the time of the accident, there was in force a statute of the state of Indiana which provides in part:

No person shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard.

I.C. 9–4–1–86(b).

A violation of this statute creates a rebuttable presumption of negligence on the part of the person so violating the statute or law, unless the person shows that such violation was excusable or justifiable by showing by a fair preponderance of the evidence that such person did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances who desires to comply with the law."

The trial court modified the instruction as follows:

"At the time of the accident, there was in force a statute of the State of Indiana which provides in part:

No person shall suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close as to constitute an immediate hazard.

Another statute provides in part that

When facing a green light:

Vehicular traffic, including vehicles turning right or left, shall yield right-of-way to other vehicles and to pedestrians lawfully within the intersection or an adjacent sidewalk at the time such signal is exhibited;

Vehicular traffic shall yeld [sic] the right-of-way to pedestrians lawfully within an adjacent crosswalk and to other traffic lawfully using the intersection; and

Unless otherwise directed by a pedestrian-control signal, pedestrians facing any green signal, except when the sole green signal is a turn arrow, may proceed across the roadway within any marked or unmarked crosswalk.

A violation of this statute creates a presumption of negligence on the part of the person so violating the statute, unless the person shows that such violation was excusable or justifiable."

■ The trial court eliminated the appellant's tendered definition of excusable or justifiable from the jury instructions. It is the general rule that it is error for the trial court to refuse to define in its instructions technical and legal phrases in connection with material issues of the lawsuit, if the court is properly requested to do so. *Campbell v. City of Mishawaka* (1981), Ind.App., 422 N.E.2d 334, 338.

■ The tendered definition correctly stated the proof sufficient to rebut the presumption of negligence raised by violation of a motor vehicle safety statute. *Reuille v. Bowers* (1980), 409 N.E.2d 1144, 1154. The violation of motor vehicle safety statutes represented a material issue in the lawsuit. The trial court erred in refusing to use the appellant's tendered legal definition in the jury instructions.

Appellant argues that the trial court erred in the jury instruction on damages, which reads in part:

"If you find for the plaintiffs on the question of liability, you must then determine the amount of money which will fully and fairly compensate them for those elements of damage which were proved by a preponderance of the evidence to have resulted from the negligence of the defendant. With respect to the claim of Mr. Sandock, you may consider:

1. The nature and extent of Mr. Sandock's injuries.

2. Whether Mr. Sandock's injuries are temporary or permanent.

3. The physical pain and mental suffering which Mr. Sandock has experienced and the physical and mental suffering he will suffer in the future as a result of his injuries.

4. The reasonable expense of necessary medical care, treatment and services.

5. The aggravation of any previous injury or condition.

6. The effect of his injury upon the quality and enjoyment of his life."

Appellant contends that the trial court erred in using "[t]he effect of his injury upon the quality and enjoyment of his life" as a separate and distinct element in the instruction for damages.

Indiana cases have stated that damages are not to be predicated alone upon the amount which plaintiff could have earned, if he had not been injured. The jury was entitled to take into consideration his personal suffering and the fact that he has been deprived of most of the privileges and enjoyments common to men of his class.

*King's Indiana Billiard Co. v. Winters* (1952), 123 Ind.App. 110, 125, 106 N.E.2d 713, 719;

*Norwalk Truck Line Co. v. Kostka* (1949), 120 Ind.App. 383, 402, 88 N.E.2d 799, 806;

*Samuel E. Pentecost Const. Co. v. O'Donnell* (1942), 112 Ind.App. 47, 64, 39 N.E.2d 812, 819;

*Chicago, etc. R. Co. v. Stierwalt* (1926), 87 Ind.App. 478, 496, 153 N.E. 807, 813.

*Dallas and Mavis Forwarding Co., Inc. v. Liddell* (1955), 126 Ind.App. 113, 117, 126 N.E.2d 18, 20, ruled that a jury may consider the life expectancy of the individual prior to the accident in determining the extent of the injury, the consequent disability to perform the ordinary pursuits of life and the bodily and mental suffering which will result.

The nature, extent and permanency of the injury as it affects the quality and enjoyment of life has been used as an element in jury instructions for damages.

*Dunn v. Cadiente* (1987), Ind.App., 503 N.E.2d 915, 918 (reversed on other grounds Ind., 516 N.E.2d 52);

*Grubbs v. United States* (N.D.Ind.1984) 581 F.Supp. 536, 541.

These cases recognize that it is proper for juries to consider the injury's effect upon loss of enjoyment of life as a factor in calculating damages and not as an independent basis of recovery. The preceding cases coupled loss of enjoyment of life with other damage elements such as pain and suffering or permanency of the injury.

*Dayton Walther Corp. v. Caldwell* (1980), 273 Ind. 191, 206, 402 N.E.2d 1252, 1261 mentioned the following as a separate element of damages:

" 'the plaintiff's ability or inability to have and to enjoy the pleasures of life that only those who are possessed of sound body and free use of its members can enjoy.' "

*Antcliff v. Datzman* (1982), Ind.App., 436 N.E.2d 114, 121, included "[l]oss of enjoyment of life's activities" as a distinct element of damages in the jury instructions. In these cases, no issue was raised on whether the trial court erred by using loss of enjoyment of life as a separate and distinct element of damage.

Other jurisdictions have decided that loss of enjoyment of life should not be a separate element of damages, but may be treated as a factor in determining damages for bodily injury. *See* Annot. 34 A.L.R.4th 293, 300 (1984).

*Huff v. Tracy* (1976) 57 Cal.App.3d 939, 943, 129 Cal.Rptr. 551, 553, ruled that a trial court may not instruct on loss of enjoyment of life in addition to or distinct from general damages. A separate enjoyment of life instruction repeats what is effectively communicated by a pain and suffering instruction.

The Pennsylvania Supreme Court held that even when the victim survives a compensable injury, loss of life's pleasures could not be compensated other than as a component of pain and suffering. *Willinger v. Mercy Catholic Medical Center* (1978) 482 Pa. 441, 447, 393 A.2d 1188, 1191.

*McDougald v. Garber* (1989) 73 N.Y.2d 246, 538 N.Y.S.2d 937, 536 N.E.2d 372, ruled that loss of enjoyment of life is not a separate element of damages deserving a distinct award but is, instead, only a factor to be considered by the jury in assessing damages for conscious pain and suffering.

*Flannery v. United States* (1982) W.Va., 297 S.E.2d 433, 436, 34 A.L.R.4th 281, 286, reasoned that the loss of enjoyment of life is encompassed within and is an element of the permanency of the plaintiff's injury. To state the matter in a slightly different manner, the degree of a permanent injury is measured by ascertaining how the injury has deprived the plaintiff of his customary activities as a whole person. The loss of customary activities constitutes the loss of enjoyment of life.

 In the present case, the trial court erred in using "[t]he effect of his injury upon the quality and enjoyment of his life" as a separate and distinct element of damages. The inclusion of the effect upon loss of enjoyment of life as a separate element of damages opened the possibility of an impermissible duplication of damages. To eliminate the possibility of double recovery, the trial court should couple the injury's effect upon enjoyment of life with the pain and suffering or permanency of injury elements in the jury instructions for damages. This would ensure that the jury considers the injury's effect upon the enjoyment of life as a component of pain and suffering or permanency of the injury and not as a separate basis of recovery. The trial court erred in its jury instructions.

Reversed.

STATON, J., dissents with opinion.

RATLIFF, C.J., concurs as to Part I and dissents as to Part II, to which STATON, J., concurs with opinion.

1. In *Reuille v. Bowers* (1980), Ind.App., 409 N.E.2d 1144, at 1154, this Court quoted the Indiana Supreme Court case of *Davison v. Williams,* (1968) Ind., 242 N.E.2d 101 at 105. "As for the question of what will constitute proof sufficient to rebut the presumption of negligence raised by violation of a safety regulation, we believe the best test for a jury to follow is:

STATON, Judge, dissenting.

In this appeal, two instructional issues are under consideration. The first deals with the modification of an instruction by the trial court. The second deals with an instruction on damages. Judge Ratliff has dissented to Judge Hoffman's treatment of the damage instruction, however, he has concurred with Judge Hoffman in his treatment of the modification instruction. This dissent deals only with the modified instruction. I concur in Judge Ratliff's dissent which deals with the damage instruction.

The Majority has reversed on the grounds that the trial court did not define "justification" and "excuse" after modifying the Canfield's tendered instruction. The modification added another statute and then left out:

"by showing by a fair preponderance of the evidence that such person did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances who desires to comply with the law."

but the trial court re-inserted the following language from the original instruction:

"A violation of this statute creates a rebuttable presumption of negligence on the part of the person so violating the statute or law, unless the person shows that such violation was excusable or justifiable."

The modified instruction left out a standard of proof to overcome the presumption—not a definition of terms.[1] After the trial court made a modification to his instruction, Canfield did not tender another instruction to avoid the error of which he now complains. If error exists, he invited it by not offering another instruction with the language he felt essential to his case.

Where a person has disobeyed a statute he may excuse or justify the violation in a civil action for negligence by sustaining the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law."

I not only dissent for the reason that the error was invited by failure to offer another instruction after the modification, but I dissent because the language complained of was essentially present in other instructions. Instruction No. 4 which is found on page 359 of the transcript for example advises the jury of the standard of proof to be applied if "justification" or "excuse" were factually applicable:

> Negligence, is the failure to do what a reasonably careful and prudent person would have done under the same or like circumstances, or the doing of something which a reasonably careful and prudent person would not have done under the same or like circumstances; in other words, negligence is the failure to exercise reasonable and ordinary care, which failure is a direct cause of the damage complained of.

> Reasonable and ordinary care, as such are as a reasonable, careful and ordinary prudent person would exercise under the same or similar circumstances.

The trial court properly instructed the jury on the law. If Canfield felt that an additional instruction was necessary after his instruction was modified by the trial court, he should have tendered another instruction at the trial level and not invited error on appeal. The time and expense of a re-trial in this case does not justify a reversal based upon the failure to instruct on the standard of proof to rebut a presumption. If definitions were required, they should have been tendered by Canfield; none were.

I would affirm the judgment of the trial court.

RATLIFF, Chief Judge, concurring in part and dissenting in part.

I concur in that portion of the majority opinion finding the trial court erred in amending Canfield's tendered instruction deleting therefrom language defining excuse or justification for violation of a statute and what a person claiming excuse or justification must show to excuse such violation. This is particularly applicable to the alleged statutory violations by Canfield and his attempted explanation or justification for such violation. However, I dissent from the majority holding that the trial court's damage instruction was faulty.

The trial court instructed the jury that among the elements of damages to Mr. Sandock which they could consider was "[t]he effect of his injury upon the quality and enjoyment of his life." In *Dunn v. Cadiente* (1987), Ind.App., 503 N.E.2d 915, 918 (reversed on other grounds, Ind., 516 N.E.2d 52) the instruction given referred to "the nature, extent and permanency of the injury as it affects the quality and enjoyment of life." The court's instruction here in language prior to the disputed wording told the jury they should consider the nature and extent of Mr. Sandock's injuries and whether such injuries were temporary or permanent. Any difference in the language used in the instruction here and that employed in *Dunn* is purely semantic. Further, in *Grubbs v. United States* (N.D. Ind.1984), 581 F.Supp. 536, 541, the court, applying Indiana law, observed:

> "The law recognizes that an individual is entitled to be compensated for the loss of the use or the loss of function of a part of the body irrespective of the relationship of that loss to other elements of damages. The individual is entitled to the full function of his body, and any loss of function or disability is in itself compensable because of the effect upon the quality and enjoyment of life which would not have been impaired but for the injury."

Adverse effect from injuries upon the enjoyment of life long has been recognized as a factor to consider in awarding damages in this state. *Kings Indiana Billiard Co. v. Winters* (1952), 123 Ind.App. 110, 106 N.E.2d 713, *trans. denied; Samuel E. Pentecost Const. Co. v. O'Donnell* (1942), 112 Ind.App. 47, 39 N.E.2d 812, *trans. denied.* In *Winters*, the Appellate Court stated the jury was entitled to consider the plaintiff's personal suffering and the fact that he had been deprived of enjoyments common to men of his class. The *Winters* case held the jury was required to consider

the loss of privileges and enjoyment common to men of his class.

In most jurisdictions, impairment of the capacity to enjoy life as a result of a personal injury is a proper and separate element of damages. 22 Am.Jur.2d, *Damages*, § 272. See also *Annot.* 34 ALR 4th 293, § 4. This is not to say there need not be an injury. Obviously, without an injury, no impairment of the ability to enjoy life would result. But, given injury, the effect of that injury upon the quality and enjoyment of life properly may be considered by the jury as a separate element of damages.

The instruction complained of advised the jury they could consider the effect of his injury upon the quality and enjoyment of his life. No new principle was enunciated. Rather, the instruction followed well established law.[1] Believing the damage instruction to be correct, I must dissent.

---

**1.** It is interesting to note that although no issue was raised concerning the propriety of the instructions relating thereto, in both *Dayton Walther Corp. v. Caldwell* (1980), Ind., 402 N.E.2d 1252, and *Antcliff v. Detzman* (1982), Ind.App., 436 N.E.2d 114, *trans. denied,* instructions were given that the jury could consider "the plaintiff's ability or inability to have and enjoy the pleasures of life." (*Caldwell*) or [l]oss of enjoyment of life's activities." (*Antcliff*).