**Robert B. SEIFERT and Nationwide Insurance Company, Appellants (Defendants Below),**

v.

**Leon E. BLAND, Appellee (Plaintiff Below).**

**No. 71A03–8903–CV–85.**

Court of Appeals of Indiana, Third District.

Dec. 4, 1989.

David B. Weisman, South Bend, for appellant Robert B. Seifert.

Robert J. Palmer, May, Oberfell & Lorber, South Bend, for appellant Nationwide Ins. Co.

Robert F. Gonderman, Jr., Robert F. Gonderman, Sr., Gonderman Law Offices, P.C., South Bend, for appellee.

HOFFMAN, Judge.

Appellant Robert B. Seifert appeals a jury trial judgment in favor of Leon Bland. The facts indicate that on October 5, 1986 automobiles driven by Seifert and Bland

---

collided at a South Bend intersection. Seifert had a blood alcohol content of .20% at the time of the accident. The parties stipulated that Seifert ran the stop sign at the intersection. Bland made a legal stop before entering the intersection. The jury found that Seifert caused Bland $250,-000.00 in damage and trebled the damage award to $750,000.00. By agreement of the parties, damages were reduced from $750,000.00 to $500,000. The trial court awarded Bland an additional $300,000.00 in attorney's fees and $5,616.70 for costs.

■ Seifert argues that the trial court erred in the following jury instruction:

"A person engages in conduct which is reckless if he engages in the conduct in plain, conscious, and unjustifiable disregard of the harm that might result and this disregard of the harm that might result to others involves a substantial deviation from acceptable standards of conduct.

If you find that:

1. the defendant recklessly damaged property of another without his consent; and

2. Mr. Bland sustained a pecuniary loss as a result of the defendants [sic] reckless conduct;

Then you may award Mr. Bland:

1. An amount not to exceed three (3) times his actual damages; and

2. All costs of this action; and

3. a reasonable attorney's fee which has been stipulated to be 35%; and

4. All actual travel expenses that were incurred by Mr. Bland to attend court proceedings; and

5. Reasonable compensation for Mr. Bland's loss of time relating to attending all court proceedings; and

6. All reasonable expenses incurred relating to providing witnesses [sic] fees in attending court proceedings and in traveling to and from court proceedings; and

7. and all other reasonable costs of collection.

Pecuniary loss is a loss of money, or of something by which money, or something of money value may be acquired and includes any money lost as a result of lost wages or income, medical bills, or damage to property.

Actual damages includes all compensatory damages, which you may award Mr. Bland in compensation for Mr. Bland's injuries, including past, present and future physical and mental pain and suffering, all reasonable medical expenses, all lost wages or impairment to earning capacity, disability, property damage and loss of enjoyment of life."

*Ash v. Chandler* (1988), Ind.App., 530 N.E.2d 303, stated that on its face the treble damages statute (IND.CODE § 34–4–30–1 (1988 Ed.)) is restricted to offenses against property. The trial court erred in not limiting application of the trebling instruction to property damage.

■ Appellant argues that the trial court erred in its damages instruction, which reads in part:

"If you find for the plaintiff on the question of liability, you must then determine the amount of money which will fully and fairly compensate him for those elements of damage which were proved by the evidence to have resulted from the negligence of the defendant. With respect to the damages sustained by Mr. Bland, you may consider:

1. The nature and extent of Mr. Bland's injuries.

2. Whether Mr. Bland's injuries are temporary or permanent.

3. The physical pain and mental suffering which Mr. Bland has experienced and the physical and mental suffering he will suffer in the future as a result of his injuries.

4. The reasonable expense of necessary medical care, treatment and services.

5. The difference between the fair market value of any personal property damaged immediately before the damage and the fair market value of the property after the damage.

6. The value of any lost earnings and the loss or impairment of any future earning capacity.

7. The loss of the quality and enjoyment of life...."

The trial court erred in using "the loss of the quality and enjoyment of life" as a separate element of damage. Juries should consider loss of enjoyment of life as a component of other elements of damage, such as pain and suffering or permanency of the injury to avoid impermissible duplication of damages. *Marks v. Gaskill* (1989), Ind.App., 546 N.E.2d 1245.

The trial court erred in its jury instructions.

Reversed.

GARRARD, P.J., concurs.

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in the result of the majority's decision which prohibits the consideration of the loss of the quality and enjoyment of life as a separate element, but wish to explain the reasoning behind my dissent in *Canfield v. Sandock* (1989), Ind.App., 546 N.E.2d 1237, and my concurrence with the result reached here today, to prevent any misperceived contradiction between the two.

In *Canfield*, the majority opinion held that "it is proper for juries to consider the injury's effect upon loss of enjoyment of life as a *factor* in calculating damages and not as an independent basis of recovery." (Emphasis added.) (*Canfield, supra*, 546 N.E.2d at 1239.) The majority opinion held that the loss of the quality and enjoyment of life should not be a separate element because of the possibility of duplicitous recovery; rather, "the trial court should couple the injury's effect upon enjoyment of life with the pain and suffering or permanency of injury elements." (*Canfield, supra*, 546 N.E.2d at 1240.)

Judge Ratliff dissented, stating: "[t]he instruction complained of advised the jury they could consider the effect of his injury upon the quality and enjoyment of his life. No new principle was enunciated." (*Canfield, supra*, Ratliff, J., dis. at 1241.) However, Judge Ratliff was in agreement with the majority insofar as he stated, "[a]dverse effect from injuries upon the enjoyment of life long has been recognized as a *factor* to consider in awarding damages in this state." (Emphasis added.) (*Canfield, supra*, Ratliff, J. dis. at 1241.)

In *Canfield*, I agreed with Judge Ratliff, and hence, the majority, that it is proper for a jury to consider the loss of the quality and enjoyment of life as a *factor* in calculating damages. However, I dissented from the majority because I believe the loss of the quality and enjoyment of life should be coupled with the nature and extent or permanency of the injury, not pain and suffering. Both *Dunn v. Cadiente* (1987), Ind.App., 503 N.E.2d 915, *rev'd on other grounds* (1987), Ind., 516 N.E.2d 52, and *Grubbs v. United States* (N.D.Ind. 1984), 581 F.Supp. 536, support this conclusion. In both cases, the courts approved the following instruction:

the nature, extent and permanency of the injury as it affects the quality and enjoyment of life

*Dunn, supra*, at 918, and *Grubbs, supra*, at 541.

Given that the nature and extent or permanency of the injury can only be measured in terms of the loss of the quality and enjoyment of life, to instruct the jury that the quality and enjoyment of life is an element *separate* from the nature and extent of the injury would allow for a double recovery. Thus, I believe the way to avoid a duplicitous recovery is to combine the nature and extent or permanency of the injury along with the quality and enjoyment of life as one element in the calculation of damages. Contrary to the majority's opinion in *Canfield*, to instruct the jury to consider the loss of the quality and enjoyment of life with pain and suffering, while simultaneously instructing the jury to consider the nature and extent of the injury, (i.e., in effect, the loss of the quality and enjoyment of life), as another element, would still allow for a double recovery.

Consequently, the way to avoid duplicitous recovery is to instruct the jury to consider, *as one element*, "the nature and

extent [or permanency] of the injury, *as it affects* the quality and enjoyment of life." This properly allows the jury to consider the loss of the quality and enjoyment of life as a factor, but avoids the duplictous recovery that could occur if it were considered as a separate element or even if it were coupled with the element of pain and suffering.