Roberta M. OSBORNE,
Plaintiff–Appellant,

v.

Eric D. WENGER, Defendant–Appellee.

No. 50A03–9001–CV–19.

Court of Appeals of Indiana,
Third District.

June 13, 1991.

Charles A. Asher, South Bend, for plaintiff-appellant.

John E. Doran, A. Howard Williams, Doran, Blackmond, Ready, Hamilton & Williams, South Bend, for defendant-appellee.

GARRARD, Judge.

Roberta A. Osborne appeals a judgment for $147,000 compensatory and $1 punitive damages, presenting us with the following four issues for our review:

I.   Whether the trial court erred in excluding from evidence a portion of a medical expert's opinion as to plaintiff's insurability and employability where no objection was raised at that expert's deposition.

II.   Whether the trial court erred in permitting the defendant to testify as to his minimal net worth without being required to disclose that the admitted compensatory damages in this case were covered by insurance.

III.   Whether the trial court erred in not permitting plaintiff to impeach defendant with evidence that the reason he lied to the accident investi-

gator is that he believed he had no insurance for the accident.

IV. Whether the trial court erred in ruling that treble damages under IC 34–4–30–1 did not apply to all of plaintiff's compensatory damages and in forcing plaintiff to elect in advance of trial whether she would proceed under punitive damages or under IC 30–4–3–1.

We affirm.

On January 27, 1987, Roberta Osborne was returning home from her job as an aide in a group home for retarded adults. It was late in the evening, and snow was blowing across the roadway. The defendant, Eric D. Wenger, was also returning home after work; however, he had visited two bars in the interim. At the intersection of County Roads 7 and 30 in Elkhart County, Wenger, who was later found to have blood alcohol content of .19%, ran a stop sign and struck Osborne's vehicle. She sustained numerous injuries, including a broken hand, broken foot, and shattered vertebrae.

Osborne brought suit against Wenger, which culminated in a four-day trial wherein Wenger admitted fault. The jury found compensatory damages in the amount of $150,000 and punitive damages in the amount of $1. It assigned 98% of the fault for the accident to Wenger and 2% of the fault to Osborne, resulting in a judgment for Osborne for $147,001. She appeals.

## I.

### Exclusion of Deposition Testimony

■ Pursuant to Indiana Rules of Procedure, Trial Rule 35, Wenger retained Dr. Roman Filipowicz to examine Osborne. Dr. Filipowicz's deposition was taken by Osborne and was, subsequently, offered in evidence at trial. One question and one answer were excluded, however, on the basis of a motion in limine filed by Wenger and granted by the court. The excluded portion read:

Q. I think that your report made mention of some conclusions about Mrs. Osborne's insurability and employability if I can find it. I think it's at the bottom of the first page:

'The main problem with this patient is that she is essentially *uninsurable* and therefore *unemployable.*'

Would you explain that conclusion?

A. I've had many patients that have had injuries like this. They cannot get any insurance and in turn they will not get hired to a decent job. I've seen this many times. The insurance companies are scared that the patient is more prone to injury or damage and they don't want to take that patient as a risk. If they don't have insurance a lot of companies don't want to hire them. (emphasis added)

The ground for exclusion claimed in the motion in limine was that Dr. Filipowicz was not qualified to give an opinion on insurability and the testimony was prejudicial. No objection had been posed during the taking of the deposition when the question was asked. Osborne contends the court erred in excluding the above-quoted passage because any objection to its admissibility was waived for failure to assert it at the time the question was asked during the deposition.

We disagree. The excluded testimony consisted of the doctor's assertion that Osborne was essentially uninsurable and therefore unemployable. The objection was that no foundation had been laid during the deposition to qualify the doctor as an expert to give such an opinion. Thus, the objection addressed the competency of the evidence, *i.e.*, admissibility of the opinion. It was therefore governed by Trial Rule 32(D)(3)(a) which provides:

Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are *not* waived by failure to make them before or during the taking of the deposition, *unless* the ground of the objection is one which might have been obviated or removed if presented at that time. (Emphasis added)

The general rule pertaining to objections covered by TR 33(D)(3)(a) is that they are not waived by the failure to raise them

before or during the taking of the deposition. Then the rule permits an exception: if the ground of objection is one which might have been obviated or removed if presented at that time.

Where the deposition of an expert is taken expressly for use at trial, counsel is certainly charged with the knowledge that a proper foundation is necessary to render the opinion of the expert admissible. Counsel are no less aware where, as apparently occurred here, the deposition is taken essentially for discovery purposes. On such occasions counsel may wish to explore a variety of the witness' opinions as a gauge on the worth of the witness. Sound policy considerations support permitting such depositions to be taken without the disruptive effect of numerous objections. Those same considerations undergird the right of opposing counsel to make any appropriate objections to the substantive value of the testimony should it subsequently be offered as evidence at trial.

In view of the fact that errors concerning the form of questions are dealt with in a different subsection of the rule, the exception to subsection (a) must be narrowly taken. In the context of this appeal, in order to show that the ground of the objection might have been obviated if promptly presented, it was incumbent on Osborne to show to the court that the witness possessed the necessary credentials to render his opinion admissible. That is in keeping with the standard approach which requires that a party seeking to employ an exception carry the burden of establishing that he or she comes within the exception. *See, e.g., Common Council v. Peru Daily Tribune, Inc.* (1982), Ind.App., 440 N.E.2d 726. Yet Osborne's offer of proof consisted only of the omitted testimony, and her argument on appeal merely asserts that if an objection had been interposed during the deposition, counsel might have established a foundation.

In order to show that the ground of the objection might have been obviated if promptly presented (and thereby invoke the exception), it was incumbent on Osborne to show to the court that the witness possessed the necessary credentials to render his opinion admissible. She did not, and the court properly excluded the testimony.[1]

## II.

### *Testimony Regarding Insurance*

Osborne next contends that the trial court erred in allowing the defendant to testify regarding his minimal net worth, without allowing her to cross-examine him on the availability of insurance to cover any compensatory damage award.

The financial status of a defendant is admissible for the purpose of determining what amount of punitive damages would be appropriate to punish and deter him. *Archem, Inc. v. Simo* (1990), Ind.App., 549 N.E.2d 1054, 1058, *transfer denied.* Evidence of insurance coverage, on the other hand, is generally not admissible, although there are exceptions. *Duke's GMC, Inc. v. Erskine* (1983), Ind.App., 447 N.E.2d 1118, *transfer denied.*

In this case, we find no error in the exclusion of evidence relating to insurance coverage. Given that Wenger admitted liability, there was a strong possibility that the disclosure of the one million dollar coverage limits on Wenger's policy would influence the jury's finding as to compensatory damages.

In addition, a party must demonstrate that an error impinges upon and prejudices a substantial right such that a fair trial was not accorded before reversal is warranted. *FMC Corp. v. Brown* (1990), Ind., 551 N.E.2d 444, 447. Osborne has not made such a demonstration. The trial court correctly gave a limiting instruction indicating that evidence as to Wenger's net worth was to be considered only for purposes of determining the proper amount of punitive damages, if they applied. In closing argument, Osborne's counsel indicated to the jury that Osborne wished them to

---

**1.** Even if we determined the testimony was improperly excluded, the error would no doubt have been harmless because it is undisputed that Osborne, in fact, remained insured and employed.

return a verdict for $1 in punitive damages "to send a message." The jury complied with that request.

## III.

### *Impeachment*

■ Osborne argues that the trial court erred in refusing to allow her to impeach Wenger's statement that he did not tell the truth to the accident investigator because he was ashamed of his actions. Wenger assertedly stated prior to trial that he lied because he was afraid he did not have insurance.

Our standard of review was set out in *City of Indianapolis v. Swanson* (1983), Ind., 448 N.E.2d 668, 671:

> The trial court has the discretion to determine the scope of cross-examination, and only a clear abuse of that discretion warrants reversal. [Citations omitted] Such determinations by the trial court necessarily entail making judgments on the admissibility of controversial evidence. The Court of Appeals properly stated that the trial judge's specific duty is to weigh the probative force of any evidence sought to be introduced against the danger of prejudice, in consideration of those trial conditions and circumstances which the trial judge can observe. [Citations omitted] We will reverse the trial court only when the trial court's judgment is clearly against the logic and effect of the facts and circumstances before the trial court.

We find no abuse of discretion. Wenger admitted several times that he lied to the investigator, so his credibility was already impeached. The introduction of insurance coverage has the potential for much misuse, and the court could properly determine that this outweighed its marginal value as an additional challenge to Wenger's already damaged credibility. Moreover, in light of the jury's finding that Wenger was 98% at fault for the accident, any error would appear to have been harmless.

## IV.

### *Treble Damages*

Osborne's final attack on the trial court's judgment is two-pronged—first, the trial court erred in ruling that treble damages under IC 34-4-30-1 apply only to property damage, and second, the trial court erred in requiring her to elect between treble damages under the statute and common law punitive damages.

Osborne concedes that we decided the issue making up the first prong of her attack adversely to her in our opinion in *Seifert v. Bland* (1989), Ind.App., 546 N.E.2d 1242, *transfer pending,* but contends our opinion was in error and invites us to reconsider the issue. We decline her invitation.

In support of the second prong of her attack, Osborne contends that she should have been permitted to submit the choice of remedy to the jury, rather than being forced to elect between punitive damages and statutory treble damages.

■ The doctrine of election of remedies has application only where remedies are inconsistent. *Loving v. Ponderosa Systems, Inc.* (1985), Ind., 479 N.E.2d 531, 537. The legislature has unambiguously indicated that a litigant may not recover both treble damages and punitive damages. IC 34-4-30-2. Thus, an action for both treble damages and punitive damages is inconsistent as a matter of law. A litigant may be required to elect between inconsistent theories or remedies. *Sickels v. Aetna Securities Co.* (1942), 220 Ind. 347, 41 N.E.2d 947, 948; 11 I.L.E. *Election of Remedies* § 2. The trial court did not err in requiring Osborne to elect between punitive and treble damages.

Affirmed.

SULLIVAN, J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I respectfully dissent to the majority's treatment of Issue I. While I agree that Trial Rule 32(D)(3)(a) controls this issue, I believe that the majority's interpretation of

the rule is in error. Therefore, I would reverse and grant a new trial.

Initially, the majority fundamentally misconceives the nature of the objection posed to the deposition testimony. Although the majority correctly recognizes that the objection is to the qualifications of Filipowicz to render an opinion on insurability, it incorrectly characterizes the objection for Trial Rule 32(D)(3)(a) purposes as relating to the competency of testimony. Clearly, the objection is to the competency of the *witness* to render the opinion on insurability. To this end, a brief review of the law regarding expert witnesses is instructive.

In Indiana, expert testimony is permitted if the subject matter of the testimony is beyond the understanding of a layman so the trier of fact cannot assess the evidence presented and draw an informed conclusion. *Martin v. Roberts* (1984), Ind., 464 N.E.2d 896, 901. The competency of an expert witness to testify on a particular subject is to be determined by his knowledge of the subject matter generally, whereas his knowledge of the specific subject of the inquiry goes to the weight to be accorded to his opinion. *Travelers Indem. Co. v. Armstrong* (1982), Ind., 442 N.E.2d 349, 365. Thus, the trial court's determination of competency contemplates a finding by the court that the witness have sufficient skill and knowledge in the field to aid the trier of fact in its search for the truth. *Martin, supra*, at 901. McCormick notes that the rules of competency regarding expert witnesses are unlike other rules of competency which go to the capacity of the witness to speak at all; rather, they are directed to his capacity to speak to a particular matter. *McCormick on Evidence* § 69 at 167 (3rd ed. 1984). Thus, "[t]he expert must possess such intelligence and familiarity with the subject as will enable him to express a well informed opinion; the competency of the expert depending on the

subject of the inquiry." *Rogers on Expert Testimony* § 37 at 58 (3rd ed. 1941). It follows that an expert witness may be competent to testify as to some matters but not others. *See id.* at § 43.

This was precisely the issue in the case at bar. There was no dispute as to Dr. Filipowicz's competency to render opinions on the medical matters at issue; the question was whether he was competent to testify as to Ms. Osborne's insurability. Wenger contended that he was not,[1] and Osborne argued that such a contention was waived by his failure to raise it at the deposition.

It may appear that I am splitting hairs here. In terms of Rule 32(D)(3)(a) it does not matter if the objection is to the competency of the testimony or the competency of the witness—neither objection is waived unless the grounds of the objection is one which might have been obviated or removed if presented at that time. The classification of the objection is relevant, however, in terms of the availability of analogous caselaw to aid in the determination of this issue.

We were asked to construe Trial Rule 32(D) in *Wynder v. Lonergan* (1972), 153 Ind.App. 92, 286 N.E.2d 413, *transfer denied*. In *Wynder*, the plaintiff sought reversal on the grounds that portions of the deposition testimony of a physician were erroneously excluded at trial on the basis of the defendant's hearsay objection, which she contended the defendant waived pursuant to Trial Rule 32(D)(3). In addressing this contention, we set out the eight types of objections which can be waived under Trial Rule 32(D) and concluded that a hearsay objection did not fall into any of these categories. *Id.* 286 N.E.2d at 415. However, one of the categories delineated by us in *Wynder* and set out in Trial Rule 32(D)(3) which may be waived by failure to

---

1. Wenger's argument that Dr. Filipowicz's statements were clearly outside the scope of his expertise and therefore inadmissible may be quickly disposed of. Dr. Filipowicz's training as a physician does not preclude the possibility that he may be an expert in other areas. Moreover, degrees are not necessarily the hallmark

of the expert witness. A witness may be qualified to render an expert opinion by knowledge or experience, as well as by his academic endeavors. *Martin, supra*, at 901. There is simply nothing in the record to indicate either Filipowicz's qualifications on the insurability issue *or his lack thereof.*

object at a deposition is the competency of a witness.

In *Wynder*, we noted the similarity between Federal Rule of Civil Procedure 32 and our Indiana Rule, and looked at a federal court decision construing F.R.C.P. 32 to aid in our determination. *Id.* 286 N.E.2d at 415. Federal precedent is also available to aid in the resolution of the present case. In *Bahamas Agr. Industries Ltd. v. Riley Stoker Corp.*, the United States Court of Appeals for the Sixth Circuit outlined the rationale behind the F.R.C.P. 32 waiver rule:

> If the objection could have been obviated or removed if made at the time of the taking of the deposition, but was not made, then that objection is waived. The focus of the Rule is on the necessity of making the objection at a point in the proceedings where it will be of some value in curing the alleged error in the deposition. When a party waits until trial to object to testimony in the deposition, the only manner in which to cure the deposition is to bar the objectionable portions from the trial. It is important that objections be made during the process of taking the deposition, so that the deposition retains some use at the time of trial; otherwise counsel would be encouraged to wait until trial before making any objection, with the hope that the testimony, although relevant, would be excluded altogether because of the manner in which it was elicited.

*Id.* (6th Cir.1975), 526 F.2d 1174, 1181.[2]

The precise issue with which we are confronted was addressed by the Florida Court of Appeal in *Evans v. Perry* (1964), Fla. App., 161 So.2d 27, 30. In construing a rule identical to Trial Rule 32(D)(3)(a), under similar circumstances, the Florida court held that the opponents waived their objection to the competency of the witness by failing to raise it at the deposition:

> It is quite clear that the objections were not made and sustained by the court on the ground that the deposition positively showed that the doctor was incompetent to testify, but rather on the ground that it did not show definitely and clearly that he was competent to testify. If these objections had been made at the time of the taking of the deposition or even at some later date during the two and a half years they were on file in this cause prior to the trial, the defendants might have been able to obviate or remove the grounds for the objections by offering proof of facts which would have shown the competency of the witness in these particular matters, or a hypothetical question might have been framed.

> We feel that under this Florida Rule as cited that plaintiffs waived their objections by failing to make them at the time of the taking of the deposition and could not wait until the time of trial to make these particular objections which might have been obviated by the defendants if made at the time they were taken.

*Id.* at 30.

The majority argues that counsel is charged with knowledge that a proper foundation is necessary to render the opinion of the expert admissible and that policy considerations support permitting depositions to proceed without numerous objections, which should be saved for trial. It concludes that it was incumbent upon Osborne to show that Dr. Filipowicz possessed the necessary credentials to render his opinion admissible.

Such a conclusion flies in the face of the rationale underlying Rule 32(D)(3). As pointed out in *Bahamas* and *Evans*, the rule proposed by the majority allows the litigant to defer his objection until trial, in the hopes that otherwise admissible evidence will be excluded due to the proponent's failure to make an offer to prove. This is particularly relevant where the deposition is to be used at trial in lieu of

---

2. Both the concerns and the language of the court in *Bahamas* were echoed in *Kirschner v. Broadhead* (7th Cir.1982), 671 F.2d 1034, *reh. denied.* In *Kirschner*, as here, the deponent was unavailable to testify at trial, but his deposition testimony was excluded by the district court pursuant to an objection not raised at the time of the deposition. The Seventh Circuit held that such exclusion was error, as the objection was waived.

testimony. Obviously, the proponent will never be able to make an offer to prove because the source of the information—the deponent—is not available.

Such is the situation here. Osborne was not able to make an offer to prove in the manner required by the majority because Dr. Filipowicz was not at trial; in fact, Filipowicz's unavailability was the reason that the deposition was used in lieu of his testimony. *See* T.R. 32(A)(3). Thus, the trial judge excluded the evidence, having no means by which to judge whether Dr. Filipowicz was competent to give the proffered testimony. Osborne was precluded from using this evidence through no fault of her own. Had Wenger raised a timely objection at the deposition, the witness could have been qualified (or his qualifications challenged) and the trial court could have had a basis for ruling on the merits of the objection.

I would hold that where a deposition is to be used in lieu of live testimony at trial, the objection to the competency of the witness to testify to a particular subject is an objection "which might have been obviated or removed if presented at that time." Accordingly, it is waived pursuant to Trial Rule 32(D)(3)(a) if not raised at the deposition. I do not feel that requiring the opponent to raise a timely objection at the deposition would intolerably frustrate the discovery process. Too, the interests of justice seem better served by requiring counsel to raise the objection at the deposition, rather than completely excluding the testimony because the trial court has no basis upon which to rule on the surprise objection at trial.

Because I would hold that the competency objection was waived, I also will address the other ground raised by Wenger for exclusion of the testimony. The second

ground for objection to the testimony is that it was "prejudicial." An objection of "prejudicial" is unavailing. *Ferrier v. State* (1977), 266 Ind. 117, 361 N.E.2d 150, 152. The reason is clear—most evidence offered in an adversary proceeding is "prejudicial" to the opponent. Thus the crucial inquiry is whether the probative value of the evidence is outweighed by:

(1) the danger that the evidence offered will unduly arouse the emotions of the jury to prejudice or sympathy;

(2) the probability that the evidence and the answering evidence it provokes will create a side issue that is unduly time consuming or distracting to the jury;

(3) the likelihood that the evidence will confuse or mislead the jury; [or]

(4) the likelihood that the evidence will unfairly surprise the opponent.

*Smith v. Crouse-Hinds Co.* (1978), 175 Ind.App. 679, 373 N.E.2d 923, 926, *transfer denied* 271 Ind. 366, 392 N.E.2d 1168.

The evidence here was unlikely to produce any of the undesirable effects delineated above. Nor does Wenger state how the evidence was improper other than his bald statement that its admission was prejudicial. To the contrary, the evidence was highly relevant to the issue of compensatory damages. Impairment of earning capacity is a proper element of damages.[3] *Montgomery Ward & Co. v. Gregg* (1990), Ind.App., 554 N.E.2d 1145, 1164, *transfer denied.* Moreover, Osborne offered no economist or other expert who specifically testified how the injury affected her ability to obtain and perform new and different employment.

I can discern no other grounds by which the trial court might properly have excluded Dr. Filipowicz's testimony. Accordingly, I would hold that the trial court's exclu-

---

**3.** The majority states in a footnote that the evidence shows Osborne had both a job and insurance at the time of trial, and therefore any error in excluding the testimony was necessarily harmless. The majority fails to recognize that Osborne may be compensated for impaired ability to obtain or maintain *future* employment in her vocation. *Gregg, supra,* at 1164–1165. That she retained a job with the same entity which employed her before the accident (albeit with

considerable restrictions on the type of work which she was to perform) and remained on that employer's group insurance plan has little bearing on her ability to find a new job in the event that there would no longer be a place for her with her present employer. *Id.* To the extent that these facts indicate she was employable or insurable, they go to the weight of Filipowicz's testimony, not to its admissibility.

sion of the testimony was error and grant a new trial on the issue of compensatory damages.